■ 420 EAST 80TH COMPANY, Appellant, v FREDERICK CHIN et al., Respondents. — Order and judgment of the Appellate Term, New York County, filed on August 10, 1982, which reversed a final judgment of the Civil Court, New York County, entered on April 28, 1981 (Sparks, H. J.), awarding landlord possession of the subject premises, and directed a final judgment in favor of the tenants dismissing the petition, is unanimously affirmed, on the law and the facts, without costs and without disbursements. In this holdover proceeding, the landlord appellant seeks to evict the tenant respondents by reason of the alleged violation of a lease clause that restricts occupancy of the subject accommodation to "tenant and immediate family of tenant and no others". It is uncontradicted that in June of 1980, without the prior consent of the landlord, respondent Chin allowed respondent Harlow to occupy the apartment with him. Contending that Harlow's occupancy was unauthorized and that he was not a member of Chin's "family" and that no permission to sublet had been requested or obtained, the landlord served a 10-day notice to cure the violation of the "immediate family" clause. Respondent Chin failed to cure the claimed violation and allowed Harlow to remain. Consequently the landlord, in January of 1981, commenced a holdover proceeding against both Chin and Harlow, and obtained a determination by the housing court that there was a violation of a substantial obligation of Chin's tenancy and directed a final judgment of eviction in favor of the appellant landlord. This determination was reversed by the Appellate Term, a majority of that court finding that "absent a showing of demonstrable prejudice to the landlord, violation of legal occupancy laws or waste to the property" the increased occupancy at bar did not constitute a violation of a substantial obligation of the tenancy. Citing *Matter of Park East Land Corp. v Finkelstein* (299 NY 70, 74), the court observed that "[a] determination of what constitutes a violation of a substantial obligation of a tenancy is to be made * * * with reference to the peculiar legal and factual setting in which it occurs * * * Judicial notice can be taken that the vacancy rate for rental apartments in this city is virtually non-existent * * * In the housing field, these are not ordinary times and 'strict adherence to technical concepts of landlord and tenant law' which might have justified eviction in the

past is now to be avoided." We agree, and indeed so does our State Legislature, which in the Omnibus Housing Act of 1983 (L 1983, ch 403, § 39) declared, in amending the Real Property Law by adding section 235-f, that: "It shall be unlawful for a landlord to restrict occupancy of residential premises, by express lease terms or otherwise, to a tenant or tenants or to such tenants and immediate family. Any such restriction in a lease or rental agreement entered into or renewed before or after the effective date of this section shall be unenforceable as against public policy." Although the statute contains certain limitations on the number of additional occupants who may share the premises, those limitations are not exceeded here. Thus, landlord appellant is not entitled to recover possession of the demised premises herein on the grounds asserted. Concur — Sandler, J. P., Sullivan, Milonas and Alexander, JJ.