OPINION OF THE COURT
Maurice Harbater, J.
This is a holdover summary proceeding brought against the respondent residing in a privately owned multiple dwelling for violating a substantial obligation of his tenancy by harboring a dog.
FACTS
The lease between the parties contains unequivocal covenants, rules and regulations prohibiting the harboring of pets. Their agreement also contains a “no waiver” clause should landlord accept rent with knowledge of a breach of any covenant.
Both sides stipulate that the tenant and his family have a small dog and have continually harbored this dog openly and notoriously with the knowledge of the owner or its agent for approximately six years. Both petitioner and *663 respondent further agree that the tenant’s dog has not caused any damage to the subject premises nor has it created a nuisance.
ISSUE
The respective parties have asked this court to decide whether the new local pet law, section D26-10.10 of the Administrative Code of the City of New York, which was signed into law by the Mayor on October 26, 1983, applies retroactively to protect this tenant who has maintained his pet “openly and notoriously” for the requisite three-month period.
THE STATUTE
Let us first examine some of the key provisions of this new legislation.
Subdivision b of section D26-10.10 of the Administrative Code provides: “Where a tenant in a multiple dwelling openly and notoriously for a period of three months or more following taking possession of a unit, harbors or has harbored a household pet or pets * * * and the owner or his agent has knowledge of this fact, and such owner fails within this three month period to commence a summary proceeding or action to enforce a lease provision prohibiting the keeping of such household pets, such lease provision shall be deemed waived.” (Emphasis supplied.)
Subdivision c provides: “It shall be unlawful for an owner or his agent, by express terms or otherwise, to restrict a tenant’s rights as provided in this section. Any such restriction shall be unenforceable and deemed void as against public policy.”
Of much importance, the statute further provides: “Sec. 2. This local law shall take effect immediately and shall apply to existing and future leases and renewals.” (Emphasis supplied.)
BACKGROUND
For many years it has been the case law of this State that harboring a household pet, in contravention of a prohibition in a lease, was a substantial violation of that agreement, notwithstanding that tenants may have needed such pets for security, safety and companionship.
*664 Such no-pet provision is not unconscionable and the landlord, in most cases, may accept rent knowing of the pet’s presence for many years if there is a “no waiver” clause in said lease.
Many owners’ purported oral consents to tenants to harbor pets have been disallowed by our appellate courts as being in violation of the parol evidence rule for varying the provisions of the written lease. (See Pollack v Green Constr. Corp., 40 AD2d 996, affd 32 NY2d 720, and a host of other appellate cases too numerous to mention.)
The owner may even seek to enforce the pet prohibition provision selectively against certain tenants and not others providing the owner has not violated section 223-b of the Real Property Law or other protective statutes. This court previously dismissed an owner’s holdover petition when the landlord acted in retaliation for the lawful actions taken by the tenant and further found that the owner would not otherwise have commenced the proceeding to evict the tenant for harboring her dog. (Kew Gardens Assoc. v Regan, 106 Misc 2d 267.)
Notwithstanding the new local law in the City of New York, it is this court’s opinion that nothing has changed on this question and the law remains the same outside of the city.
LEGAL FINDINGS
To determine whether section D26-10.10 is retroactive or not, let us look at the declared legislative intentions. The statute states: “The Council hereby finds that the enforcement of covenants contained in multiple dwelling leases which prohibit the harboring of household pets has led to widespread abuses by building owners or their agents, who knowing that a tenant has a pet for an extended period of time, seek to evict the tenant and/or his pet often for reasons unrelated to the creation of a nuisance.”
In the case before this court, we have a tenant who has harbored a small dog for six years with the knowledge of the landlord and without any complaints that the dog created a nuisance. The petitioner here has sat on its rights for six years until it finally brought this proceeding to enforce the no-pet covenant for any one of many reasons, probably not related to the dog’s existence.
*665 The legislative declaration continues: “Because household pets are kept for reasons of safety and companionship and under the existence of a continuing housing emergency it is necessary to protect pet owners from retaliatory eviction and to safeguard the health, safety and welfare of tenants who harbor pets. Under the circumstances provided herein, it is hereby found that the enactment of the provisions of this section is necessary to prevent potential hardship and dislocation of tenants within this city.”
The council adopted this measure by an overwhelming vote of 34 to 0. The statute states that it “shall apply to existing and future leases and renewals.”
Since “existing” leases are leases entered into prior to the passage of this law, it becomes quite apparent from this and the council’s declaration that it shall apply retroactively!
Councilman Thomas J. Manton, one of the principal sponsors of the bill, noted that without the inclusion of language making the statute applicable to “existing” leases “we would have created a three-month hunting season on tenants with pets and that was certainly not our intent.” (See NYLJ, Nov. 2, 1983, p 1, col 3.)
Such a case is now before this court. To evict this tenant, after six years of openly living with a dog in these premises, would completely frustrate the intentions of this new law.
Regarding the contention that since this statute applies to current leases, it therefore impairs and abridges the obligations and rights of contracts and deprives the landlord of property without due process of law, this court finds no merit to these constitutional arguments.
Where the public’s health, safety and welfare have been affected by emergencies in the past, whether by war or otherwise, Legislatures, under their police powers and home rule laws, have properly applied certain laws retroactively.
Our State Legislature did this very thing this year in the Omnibus Housing Act of 1983 (L 1983, ch 403). It amended the Real Property Law by adding section 235-f which provides: “It shall be unlawful for a landlord to restrict *666 occupancy of residential premises, by express lease terms or otherwise, to a tenant or tenants or to such tenants and immediate family. Any such restriction in a lease or rental agreement entered into * * * before or after the effective date of this section shall be unenforceable as against public policy.” (Real Property Law, § 235-f, subd 2; emphasis added.)
In 420 East 80th Co. v Chin (97 AD2d 390), the Appellate Division, in a unanimous decision agreed that “Judicial notice can be taken that the vacancy rate for rental apartments in this city is virtually nonexistent” and applauded the State Legislature for its passage of section 235-f of the Real Property Law and its retroactive provisions.
In Matter of Park East Land Corp. v Finkelstein (299 NY 70, 75) it was stated, “in the housing field * * * these are not ordinary times” and “strict adherence to technical concepts of landlord and tenant law” which might have justified eviction in the past is now to be avoided.
I agree, and, indeed, so did our city council, in the passage of this important and desirable piece of legislation. The future of the tenants of our city should now be safer and their health and welfare more protected.
Thus, this court finds that the lease provision prohibiting the respondent from keeping his dog shall be deemed waived and the petition is hereby dismissed.