■ 61 JANE STREET ASSOCIATES, Appellant, v SOL KROLL, Respondent. — Order and judgment (one paper) of the Appellate Term, First Department, entered March 11, 1983, which found no substantial violation by the tenant of a residential lease and reversed a final judgment of possession in favor of the landlord entered in Civil Court, New York County, affirmed, with costs. ¶ On January 7, 1980 Sol Kroll (hereafter the tenant) filled out an application to rent a 5½-room penthouse apartment in the landlord's building, stating that the apartment would be occupied by himself, his wife, and two children. On January 14, 1980 the landlord and tenant executed a standard form of apartment lease which limited occupancy to tenant and the immediate family of tenant, and prohibited assignment or subletting without the landlord's prior written consent. ¶ Shortly thereafter the tenant's daughter Judy moved into the apartment with her husband and two young children. The tenant testified

at trial that he also "moved into" the apartment (he purchased the apartment furnishings and at all times paid the rent directly to the landlord) although he stayed overnight only 20 to 30 times in 1980 and about 10 times in 1981. In the early summer of 1981 Judy moved out with her family, and the tenant's other daughter moved in with her husband. ¶ In August, 1981 the landlord served a 10-day notice to cure an alleged violation of the "immediate family" and "no sublet" clauses of the lease. In the following summary dispossess holdover proceeding, the Civil Court entered a judgment of possession in favor of the landlord after trial, apparently finding a breach of the immediate family lease provision, and deeming it a substantial violation. The Appellate Term reversed, concluding that the facts did not establish either a substantial violation of the obligations of the tenancy or an illegal sublet. We agree with the Appellate Term. ¶ Even without regard to the enactment of section 235-f of the Real Property Law, which declared contrary to public policy the immediate family clause here relied upon, we are unable to discern any violation by the tenant of his obligations under the lease, much less a substantial one. Each of the family groups who occupied the apartment were members of the tenant's immediate family. The only arguable exceptions would be his two sons-in-law, and we doubt that under the circumstances they should not be considered members of the tenant's immediate family. Even if they were not to be so regarded, their presence in the apartment can scarcely be deemed a substantial violation. (See *Matter of Park East Land Corp. v Finkelstein,* 299 NY 70.) ¶ Nothing in the lease stipulates that the apartment was to be occupied only by members of the immediate family who had been living together at or shortly after the commencement of the lease term, or in any way interdicts a departure from the apartment during the lease term of some members of the tenant's family and the entry into the apartment of others. (Cf. *Matter of Herzog v Joy,* 74 AD2d 372, affd 53 NY2d 821.) The provision with which we are concerned is part of a landlord's form lease, and there appears no basis for reading into it additional limiting provisions that the landlord had not deemed it appropriate to include. ¶ Nor is there anything in the lease that obligates the tenant to occupy the apartment as his primary residence. Assume the not infrequent situation of an affluent tenant who desires an apartment in New York as a place to which he can come on occasional visits to New York City, and the apartment is not otherwise occupied. It is clear that this use of the apartment would not violate the lease. The fact that such a situation was accompanied here by the occupancy of the apartment by members of the tenant's immediate family, a right clearly conferred by the lease, does not convert the intermittent character of the tenant's use of the apartment into a violation of the lease. In any event, subdivision 2 of section 235-f of the Real Property Law, explicitly retroactive, declares the very clause relied upon by the landlord to be "unenforceable as against public policy." (See, also, *420 East 80th Co. v Chin,* 97 AD2d 390.) ¶ Moreover, subdivision 3 of section 235-f explicitly provides: "Any lease or rental agreement for residential premises entered into by one tenant shall be construed to permit occupancy by the tenant, immediate family of the tenant, one additional occupant, and dependent children of the occupant." This paragraph wholly disposes of any lingering question that might be thought to have been presented by the presence of the tenant's sons-in-law, who at a minimum would now qualify as permitted occupants of the apartment. ¶ In addition, a comparison of subdivisions 3 and 4 of section 235-f of the Real Property Law confirms that in the situation presented there is no legal obligation on the part of the tenant to occupy the premises as his primary residence. Subdivision 4 regulates leases or rental agreements entered into by two or more tenants. It clearly permits in that situation more than one occupant and dependent children, subject only to the

proviso that the total number of tenants and occupants, excluding occupants' dependent children, should not exceed the number of tenants specified in the current lease or rental agreement, and "that at least one tenant or tenant's spouse occupies the premises as his primary residence." The absence of this last requirement in subdivision 3 with regard to occupancy by a tenant or tenant's spouse of the premises as a primary residence would seem conclusive that no such limitation was intended with regard to a lease or rental agreement "entered into by one tenant". ¶ Moreover, subdivision 6 of section 235-f appears to imply quite strongly that members of the tenant's immediate family may acquire rights to continued occupancy in the event that the tenant vacates the premises. That issue need not be resolved here, however, since the proceeding was brought primarily on the quite separate theory of a substantial violation of the obligations of tenancy in permitting persons other than members of his immediate family to occupy the premises, a theory we find untenable for the reasons stated above. ¶ We are in agreement with the Appellate Term that the record does not disclose that the occupants of the apartment are doing so pursuant to an unlawful subletting effected without prior notice and contrary to the lease and section 226-b of the Real Property Law. As the Appellate Term observed: "It is obvious that tenant himself is not and has not been in a landlord-tenant relationship with his own children, and that the children have been permitted to reside in the apartment as an incident of the family relationship." Concur — Sandler, J. P., Sullivan, Carro and Fein, JJ.

Alexander, J., concurs in a separate memorandum as follows: I agree that the order of the Appellate Term should be affirmed. I do so, however, under constraint of subdivision 2 of section 235-f of the Real Property Law which forecloses enforcement of "immediate family only" clauses in residential leases. (*420 East 80th Co. v Chin,* 97 AD2d 390.)