OPINION OF THE COURT
Joseph Rosenzweig, J.
Petitioner brings this holdover proceeding against the respondent tenant on the grounds that the tenant is violating a substantial obligation of his tenancy in that the said tenant, in contravention of the terms of his lease, has permitted persons other than himself and his immediate family to use or occupy the premises and/or sublet or assigned his rights of occupancy to another without the landlord’s permission. According to the petitioner’s affidavit, the tenant’s apartment is subject to the Rent Stabilization Law.
Petitioner moves for summary judgment as a matter of law and a final judgment of possession against respondent on the basis that the tenants have wrongfully allowed the mother of one of the tenants to reside in the premises.
The Laws of 1983 (ch 403) amended the Real Property Law by adding a new section 235-f which reads in pertinent part as follows:
*812 “1. As used in this section, the terms:
“(a) ‘Tenant’ means a person occupying or entitled to occupy a residential rental premises who is either a party to the lease or rental agreement for such premises or is a statutory tenant pursuant to the emergency housing rent control law or the city rent and rehabilitation law or article seven-c of the multiple dwelling law.
“(b) ‘Occupant’ means a person, other than a tenant or a member of a tenant’s immediate family, occupying a premises with the consent of the tenant or tenants.
“2. It shall be unlawful for a landlord to restrict occupancy of residential premises, by express lease terms or otherwise, to a tenant or tenants or to such tenants and immediate family. Any such restriction in a lease or rental agreement entered into or renewed before or after the effective date of this section shall be enforceable as against public policy.
“3. Any lease or rental agreement for residential premises entered into by one tenant shall be construed to permit occupancy by the tenant, immediate family of the tenant, one additional occupant, and dependent children of the occupant.
“4. Any lease or rental agreement for residential premises entered into by two or more tenants shall be construed to permit occupancy by tenants, immediate family of tenants, occupants and dependent children of occupants; provided that the total number of tenants and occupants, excluding occupants’ dependent children, does not exceed the number of tenants specified in the current lease or rental- agreement, and that at least one tenant or a tenants’ spouse occupies the premises as his primary residence.”
The definition of immediate family appears in the Code of the Rent Stabilization Association of New York City, Inc. § 54 and the New York State Rent and Eviction Regulations § 55 (9 NYCRR 2104.5 [a] [1]). These provisions apply to situations where the owner seeks in good faith to recover possession of a dwelling unit for his own personal use and occupancy or for the use and occupancy of his immediate family. The term “immediate family” includes a husband, wife, son, daughter, stepson, stepdaughter, father, mother, father-in-law or mother-in-law.
Although Real Property Law § 235-f does not define the term immediate family, clearly the mother of Marie Chavez qualifies as being a member of the tenant’s immediate family.
Petitioner contends that Real Property Law § 235-f (4) applies to this matter and argues that where the total number of tenants and occupants, excluding the occupant’s dependents, *813 exceeds the number of tenants specified in the current lease or rental agreement, the tenant has breached a substantial obligation of her tenancy. Petitioner argues that since the only two signatures to the lease were Marco and Marie Chavez, the mother of Marie Chavez should be prohibited from residing in the apartment and her continued occupancy constitutes a substantial violation of the tenancy since the total number of tenants and occupants exceeds the number of tenants specified in the current lease.
Although Real Property Law § 235-f (4) contains certain limitations on the number of additional occupants who may share the premises, those limitations are not applicable as to members of the tenant’s immediate family subject to any Administrative Code of the City of New York’s provisions pertaining to overcrowding.
Petitioner’s argument that Real Property Law § 235-f (4) applies to the case at bar is without merit silice the provision is limited in its application. This provision only applies where the issue is whether the number of tenants and occupants permitted to reside in the premises exceeds the number of tenants specified in the current lease and does not contain a restriction with regards to members of the immediate family. Furthermore, Real Property Law § 235-f (2) specifically prohibits a landlord from restricting occupancy to a tenant’s immediate family. Thus any attempt by the petitioner to prohibit the tenants from allowing the mother of tenant Marie Chavez from residing in the apartment would be prohibited under Real Property Law § 235-f (2).
Petitioner concedes that were tenant Marie Chavez the sole signatory to the lease, section 235-f (3) would apply, and the existing occupancy would be valid. However, petitioner argues that since it has the additional security provided by having both wife and husband as signatories, section 235-f (4) is applicable, and the occupancy by the wife’s mother is a violation of the lease.
This interpretation of the statute and of any possible legislative intent may have the virtue of imaginative creativity, but it is difficult to ascribe to it any other virtues.
Accordingly, the landlord is not entitled to recover possession of the demised premises herein on the grounds asserted. Motion for summary judgment in favor of the petitioner is denied. Pursuant to CPLR 3212 (b), this court grants summary judgment in favor of the respondent tenant without the necessity of a cross motion. Petition is dismissed with prejudice.