Ostrau, J.
(concurring). I concur with my colleagues on the basis of the cited authorities.
I note only that the issue of succession rights to tenancies of rent-regulated apartments is important, principally because in our city the vacancy rate in rental housing is virtually nonexistent (cf., 420 E. 80th Co. v Chin, 115 Misc 2d 195 [Hughes, J. P., dissenting], affd 97 AD2d 390). In spite of the importance of the succession rights issue, discussion in the area has unfortunately, but understandably, been dominated by litigation over administrative regulations (see, Matter of Herzog v Joy, 74 AD2d 372, affd 53 NY2d 821, addressing the viability *835 of New York City Rent and Eviction Regulations § 2204.6 [d], formerly § 56 [d], which purported to provide for succession rights to rent-controlled apartments; East Four-Forty Assocs. v Ewell, 138 Misc 2d 235 [App Term, 1st Dept, Parness, J., dissenting], addressing the viability of Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1], [2], which purported to provide for succession rights to rent-stabilized apartments), because at least to date the area has been essentially devoid of legislative guidance. At best, New York City Rent and Eviction Regulations § 2204.6 (d) is archaic and, as my colleagues have pointed out, inscrutable, and this court only recently struck down Rent Stabilization Code § 2523.5 (b) (1), (2) as inconsistent with the Rent Stabilization Law of 1969 (Sullivan v Brevard Assocs., 66 NY2d 489). Under these circumstances, and because the area is one involving such fundamental and important rights, it seems to me it is now for the Legislature — not an administrative agency, not the court — to assume responsibility for making the hard choice as to which occupants — if any— residing in rent-regulated apartments (rent controlled or rent stabilized) may succeed to the tenancy upon the death of the tenant of record, and if succession rights are recognized in an occupant, under exactly what terms, conditions and rent status succession is to take place. (Boreali v Axelrod, 71 NY2d 1; Matter of Consolidated Edison Co. v Department of Envtl. Conservation, 71 NY2d 186.)