*791 OPINION OF THE COURT
Per Curiam.
Order entered January 20, 1990 reversed, with $10 costs, tenants’ motion to dismiss denied.
In this holdover summary proceeding, landlord seeks to recover the subject rent-stabilized two-bedroom apartment on the ground that there "are more roommates and/or occupants in the subject apartment than allowed pursuant to Section 235-f of the Real Property Law.” Tenants answered, asserting Real Property Law § 235-f protection, and moved to dismiss the petition. By affidavit in support, tenant Norma Herrera states that she and her sister Linda Herrera, the named tenants on the lease, occupy the apartment with their brother Richard Herrera and "off and on, [their] brother’s girlfriend, Renee Stein.” By affidavit in opposition, landlord’s superintendent states that Renee Stein occupies the apartment and receives mail there. In granting tenants’ motion to dismiss the petition, Civil Court posited that had the lease been in the name of only one of the sisters, there would be no violation of Real Property Law § 235-f since subdivision (3) of the statute, applicable to leases entered into by one tenant, permits the occupancy of members of the tenant’s immediate family, here her brother and sister, and one additional occupant.[1] However, Civil Court continued, a literal reading of Real Property Law § 235-f (4),[2] applicable to leases entered into by multiple tenants as here, limits "the total number of tenants and occupants” to "the number of tenants specified in the current lease”, thereby prohibiting the occupancy by Renee Stein so long as one of the named tenants remains in occupancy. Finding the result to be "anomalous” and "ironic”, the court *792 declined to enforce the strict language of the statute and dismissed the petition.
We reverse. "Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76). Such is the situation as pertains to Real Property Law § 235-f (4) and we see no compelling reason to disregard this canon of statutory construction. Real Property Law § 235-f (the Roommate Law) was a legislative response to "recent judicial decisions refusing to extend the protection of the human rights law to unrelated persons sharing a dwelling unit” (L 1983, ch 403, § 1; see, Hudson View Props. v Weiss, 59 NY2d 733) and the Legislature, in enacting Real Property Law § 235-f, explicitly stated its concern for the "thousands of households * * * composed of unrelated persons who live together for reasons of economy, safety and companionship” (L 1983, ch 403, § 1). The provisions of the statute are two tiered. As regards a single tenant, Real Property Law § 235-f (3) permits the tenant (and his. immediate family) to take in "one additional occupant.” As regards multiple tenants, Real Property Law § 235-f (4) permits not an additional occupant (compare, subd [3], with subd [4]); rather, the provision permits occupancy by the tenants (and their immediate family members) and occupants so long as the total number of tenants and occupants (exclusive of family members) does not exceed the number of tenants specified in the lease. Thus, as regards multiple tenants, and perhaps in recognition of the lessened hardship of "economy, safety and companionship” faced by multiple tenants, the Legislature chose to extend the right to permit an additional occupant only where one of the named tenants was not in occupancy, i.e., as a replacement. Whether or not the course taken by the Legislature was prudent is irrelevant from a statutory construction standpoint. The language of the statute is plain and unambiguous and, in the face of such plain language, we decline to presume that the Legislature, acting in direct and earnest response to judicial decisions, failed to do what it intended. As the plain language of Real Property Law § 235-f must be enforced as written, we deny tenants’ motion to dismiss at this pleading stage.
The issue whether respondent Stein is in fact an additional occupant should be developed at a trial.
Ostrau, P. J., Sandifer and McCooe, JJ., concur.

. Real Property Law § 235-f (3) provides: "Any lease or rental agreement for residential premises entered into by one tenant shall be construed to permit occupancy by the tenant, immediate family of the tenant, one additional occupant, and dependent children of the occupant provided that the tenant or the tenant’s spouse occupies the premises as his primary residence.”

. Real Property Law § 235-f (4) provides: "Any lease or rental agreement for residential premises entered into by two or more tenants shall be construed to permit occupancy by tenants, immediate family of tenants, occupants and dependent children of occupants; provided that the total number of tenants and occupants, excluding occupants’ dependent children, does not exceed the number of tenants specified in the current lease or rental agreement, and that at least one tenant or a tenants’ spouse occupies the premises as his primary residence.”