OPINION OF THE COURT
Bernard S. Greenbaum, J.
Petitioner commenced this summary holdover proceeding claiming a substantial violation of the occupancy agreement, in that the respondents, who are now divorced, have vacated the premises and only Eileen Sheridan, the stepdaughter of respondent Sheila Sheridan (formerly Sheila Cataldo), occupies the apartment.
Respondent Sheila Sheridan now moves: (1) for summary judgment dismissing the petition on the ground that a lease clause limiting occupancy in the apartment to the tenant and the tenant’s immediate family is void and unenforceable under Real Property Law § 235-f; and (2) for disclosure consisting of the deposition of Mona Boxer, president of the cooperative corporation.
Petitioner cross-moves for the deposition of respondent Sheila Sheridan.
That portion of respondent’s motion seeking summary judgment is hereby granted and the petition is dismissed.
Initially, this court notes that, contrary to petitioner’s argument, respondent’s motion does not constitute a motion to reargue. As stated in Siegel, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:20, at 327): "Generally speaking, any of the grounds on which a CPLR 3211 motion could have been made before the service of the answer can be used as a basis for a motion for summary judgment afterwards. That is so, in any event, as long as the particular objection, although not taken by CPLR 3211 motion before service of the answer, has been included as a defense in the answer and thereby preserved. See CPLR 3211 (e).”
Here, the prior motion was to dismiss the petition based upon a failure to state a cause of action under CPLR 3211 (a) (7). Such motion was not premised, as is the present motion, upon the legal ground that Real Property Law § 235-f mandates *985 dismissal of the petition as a matter of law. In addition, the respondent’s answer does include, as the first affirmative defense, that the "language relied upon by the Petitioner in its Occupancy Agreement of February 21, 1986 is void and unenforceable under RPL 235-f.”
Accordingly, this court will consider the merits of the respondent’s arguments on this point.
Paragraph 5 of the occupancy agreement states that: "The member shall occupy the dwelling unit covered by this Agreement as a private dwelling for himself and his immediate family and for no other purpose”.
Real Property Law § 235-f states, in pertinent part, that:
"1. As used in this section, the terms:
"(a) 'Tenant’ means a person occupying or entitled to occupy a residential rental premises who is either a party to the lease or rental agreement for such premises or is a statutory tenant pursuant to the emergency housing rent control law or the city rent and rehabilitation law or article seven-c of the multiple dwelling law.
"(b) 'Occupant’ means a person, other than a tenant or a member of a tenant’s immediate family, occupying a premises with the consent of the tenant or tenants.
"2. It shall be unlawful for a landlord to restrict occupancy of residential premises, by express lease terms or otherwise, to a tenant or tenants or to such tenants and immediate family. Any such restriction in a lease or rental agreement entered into or renewed before or after the effective date of this section shall be unenforceable as against public policy.
"3. Any lease or rental agreement for residential premises entered into by one tenant shall be construed to permit occupancy by the tenant, immediate family of the tenant, one additional occupant, and dependent children of the occupant * * *
"4. Any lease or rental agreement for residential premises entered into by two or more tenants shall be construed to permit occupancy by tenants, immediate family of tenants, occupants and dependent children of occupants; provided that the total number of tenants and occupant, excluding occupants’ dependent children, does not exceed the number of tenants specified in the current lease or rental agreement, and that at least one tenant or a tenantfs] spouse occupies the premises as his primary residence.”
*986 Such statute has been held to extend to cooperatives (see, Southridge Coop. Section No. 3 v Menendez, 141 Misc 2d 823, 828).
As stated in Barbizon Owners Corp. v Chudick (159 Misc 2d 1023, 1027), with respect to Real Property Law § 235-f: "The statute, however, only applies where the resident of the apartment is someone other than the lessee’s immediate family and is not one of the persons specifically authorized under the lease to occupy the premises. In such a circumstance, Real Property Law § 235-f may be invoked as a defense to a holdover petition brought on the grounds that lessee has permitted a person not authorized under the lease to occupy the demised premises; and it may be used as a defense by the lessee to render the restrictive occupancy clause of the lease unenforceable only if all of the statute’s criteria for occupancy are met, one of which is that the lessee or lessee’s spouse must be occupying the premises as his or her primary residence (Real Property Law § 235-f [3], [4]). However, it must be stressed that Real Property Law § 235-f is available only as a defense inuring to the benefit of tenant; it may not be asserted offensively as a cause of action by landlords (Schneller v Moed, 128 Misc 2d 885), and, therefore, its provisions concerning the number and identity of occupants and primary residence of the lessee carry no independent legal force or presumption.”
Here, petitioner argues that the stepdaughter is not a member of the tenant’s immediate family and is therefore subject to those subdivisions of Real Property Law § 235-f which require that the premises be the primary residence of the tenant, Sheila Cataldo Sheridan. A rider to the occupancy agreement, enacted by the Board of Directors of the cooperative on October 10, 1973, defined "Member of the Immediate Family” as follows: "The use of the words 'Member of the Immediate Family’ as used in the Stockholders Occupancy Agreement shall mean those members of a stockholder’s family who lived with the Stockholder on the date he first took possession of his apartment and lived with the Stockholder continuously from that date.”
Since Eileen Sheridan was not even Sheila Cataldo Sheridan’s stepdaughter and did not live with her at the time the Cataldos took possession of the apartment, petitioner contends that under Real Property Law § 235-f (3) and (4) Sheila Sheridan was required to use the apartment as her primary residence.
As noted by the court in 38th Astoria Assocs. v Chavez (126 Misc 2d 811, 812): "The definition of immediate family appears *987 in the Code of the Rent Stabilization Association of New York City, Inc. § 54 and the New York State Rent and Eviction Regulations § 55 (9 NYCRR 2104.5 [a] [1]). These provisions apply to situations where the owner seeks in good faith to recover possession of a dwelling unit for his own personal use and occupancy or for the use and occupancy of his immediate family. The term 'immediate family’ includes a husband, wife, son, daughter, stepson, stepdaughter, father, mother, father-in-law or mother-in-law.”
In the instant case, this court finds that it is clear that Eileen Sheridan qualifies as immediate family under the normal and usual definitions, there being no contradiction of the claim that she is, in fact, Sheila Cataldo Sheridan’s stepdaughter.
As noted by the court in 425 Realty Co. v Herrera (146 Misc 2d 790, 792), such statute (the Roommate Law) was a legislative response: "to 'recent judicial decisions refusing to extend the protection of the human rights law to unrelated persons sharing a dwelling unit’ (L 1983, ch 403, § 1; see, Hudson View Props. v Weiss, 59 NY2d 733) and the Legislature, in enacting Real Property Law § 235-f, explicitly stated its concern for the 'thousands of households * * * composed of unrelated persons who live together for reasons of economy, safety and companionship’ (L 1983, ch 403, § 1).”
Here, petitioner would have this court treat Eileen Sheridan as a person unrelated to her actual stepmother for the purpose of invoking the primary residence requirement under Real Property Law § 235-f (3) and (4). This court refuses to do so básed upon a finding that the rider to the occupancy agreement violates public policy in attempting to limit the definition of immediate family.
As further stated by the court in 38th Astoria Assocs. v Chavez (supra, at 813):
"Although Real Property Law § 235-f (4) contains certain limitations on the number of additional occupants who may share the premises, those limitations are not applicable as to members of the tenant’s immediate family subject to any Administrative Code of the City of New York’s provisions pertaining to overcrowding.
"Petitioner’s argument that Real Property Law § 235-f (4) applies to the case at bar is without merit since the provision is limited in its application. This provision only applies where the issue is whether the number of tenants and occupants *988 permitted to reside in the premises exceeds the number of tenants specified in the current lease and does not contain a restriction with regards to members of the immediate family. Furthermore, Real Property Law § 235-f (2) specifically prohibits a landlord from restricting occupancy to a tenant’s immediate family. Thus any attempt by the petitioner to prohibit * * * the mother of tenant * * * from residing in the apartment would be prohibited under Real Property Law § 235-f (2).” (Emphasis added.)
Further, an argument in such case that, as there were two signatories to the lease Real Property Law § 235-f (3) would apply and prohibit occupancy by the mother, was found to be without merit.
Clearly, petitioner cannot be allowed to do indirectly what it is forbidden to do directly. Therefore, this court finds that the clause in the rider to the occupancy agreement is violative of public policy as an attempt to limit the protection offered to members of a tenant’s immediate family and that Real Property Law § 235-f (3) and (4) are inapplicable to the situation herein.
Accordingly, that portion of the respondent’s motion seeking summary judgment is granted and the petition is hereby dismissed. That portion of the petitioner’s motion and the cross motion seeking disclosure are denied as moot.