OPINION OF THE COURT
Memorandum.
Order unanimously reversed with $10 costs to petitioner and matter remanded to the court below for all further proceedings.
This holdover proceeding was commenced to recover possession of a cooperative apartment on the ground that it was being occupied in violation of the terms of the proprietary lease. A full and complete discussion of the underlying facts was set forth in the opinion of the court below (169 Misc 2d 983). After setting forth the relevant provisions of section 235-f of the Real Property Law, the court found that the stepdaughter was a member of the immediate family and therefore dismissed the petition. Its finding was based in part on the definition of “immediate family” as found in the Rent Stabilization Code and in part on its conclusion that the definition of “immediate family” in the proprietary agreement violates public policy (supra, at 987).
The use of the rent stabilization definition to define “immediate family” is improper since cooperatives are excluded from the Rent Stabilization Law of 1969 (Administrative Code of City of NY former § YY51-3.0 [a], now § 26-504 [a]) and from the Rent Stabilization Code (9 NYCRR 2520.11 [(]). In addition, we should look to the provisions of section 235-f of the Real Property Law, which deal with “Unlawful restrictions on occupancy”. Subdivisions (1) (b); (2) and (3) of said section provide that:
“1 * * * (b) ‘Occupant’ means a person, other than a tenant or a member of a tenant’s immediate family, occupying a premises with the consent of the tenant or tenants.
“2. It shall be unlawful for a landlord to restrict occupancy of residential premises, by express lease terms or otherwise, to a *495 tenant or tenants, or to such tenants and immediate family. Any such restriction in a lease or rental agreement entered into or renewed before or after the effective date of this section shall be unenforceable as against public policy.
“3. Any lease or rental agreement for residential premises entered into by one tenant shall be construed to permit occupancy by the tenant, immediate family of the tenant, one additional occupant, and dependent children of the occupants provided that the tenant or the tenant’s spouse occupies the premises as his primary residence” (emphasis added). Subdivision (4) of the statute contains basically the same language as subdivision (3), but concerns itself with a lease agreement for two or more tenants. It also concludes with the requirement that “at least one tenant or a tenant’s spouse occupies the premises as his primary residence” (emphasis added).
In the case at bar, the apartment is part of a cooperative. There is no longer any doubt that coops are included within the purview of Real Property Law § 235-f (see, Barhizon Owners Corp. v Chudick, 159 Misc 2d 1023; Southridge Coop. Section No. 3 v Menendez, 141 Misc 2d 823). As set forth in the Barhizon case (supra, at 1027): “The statute, however, only applies where the resident of the apartment is someone other than the lessee’s immediate family and is not one of the persons * * * authorized under the lease to occupy the premises. In such a circumstance, Real Property Law § 235-f may be invoked as a defense to a holdover petition brought on the grounds that lessee has permitted a person not authorized under the lease to occupy the demised premises; and it may be used as a defense by the lessee to render the restrictive occupancy clause of the lease unenforceable only if all of the statute’s criteria for occupancy are met, one of which is that the lessee or lessee’s spouse must be occupying the premises as his or her primary residence (Real Property Law § 235-f [3], [4]).” In cooperatives, the parties are dealing with proprietary leases in which the parties have agreed to abide by the rules and regulations of the cooperative. As an indication of how the statute is to be applied, even as to cooperatives, we can look to the case of South-ridge Coop. Section No. 3 v Menendez (supra) to see what triggered the application of the statute. In that case, Mr. Menendez indicated on his application that he would be the sole resident of the apartment, but sometime after he commenced his occupancy, a Maria Rodriguez and her nine-year-old son moved in and while the son has since moved out, Ms. Rodriguez *496 continued to live with him. Petitioner commenced a holdover proceeding on the ground that Rodriguez’s occupancy violated the terms of the proprietary lease. The court held that section 235-f clearly applied and that the restrictive clause of the proprietary lease limiting occupancy to a tenant and a member of the immediate family was improper and unlawful.
The subdivisions that apply here are (3) and (4) which are identical in their requirement that a tenant must reside in the premises as the primary residence in order to have an occupant reside there. None of the cases cited by tenant are dispositive and all of them can be distinguished. In 61 Jane St. Assocs. v Kroll (102 AD2d 751), the statute in question did not contain the requirement in subdivision (3) that the tenant had to occupy the premises as the primary residence and nothing in the lease required tenant to occupy the apartment as his primary residence. In the case at bar, while the proprietary lease does not require tenant to occupy thé apartment as the primary residence, the statute does in order to obtain its protection for the nonimmediate family member-occupant of the apartment.
It is clear that Eileen Sheridan, contrary to the finding of the court below, is not a member of the “immediate family” as that phrase was defined by petitioner in its rules and regulations promulgated on October 10, 1973. It defined “member of the immediate family” as being “those members of the Stockholder’s family who lived with the Stockholder on the date he first took occupancy of his apartment and lived with the Stockholder continuously from that date.” What is being challenged here is occupancy by a stepdaughter of a shareholder. This definition is not contrary to public policy, and is not otherwise limited by broader definitions regarding regulated housing (see, 38th Astoria Assocs. v Chavez, 126 Misc 2d 811, 812 [regarding rent-stabilized housing]) or by the provisions of section 235-f of the Real Property Law. The definition of “immediate family” would violate the statute in question if petitioner tried to evict Sheila Sheridan were she living in the apartment with her stepdaughter Eileen Sheridan.
The facts in this case indicate that Sheila Sheridan acquired title to the apartment as a product of her divorce from her former husband, Frank Cataldo. There is an issue of fact as to whether Sheila continues to maintain this apartment as her primary residence or whether she is maintaining her primary residence with her new husband (Sheridan) in another apartment in Queens with their respective children. Therefore the grant of summary judgment herein to respondents was *497 improper because of the issue of fact as to the primary residence of the named tenant, Sheila Sheridan.
An examination of the notice of appeal and of appellant’s brief indicates that the issue of discovery is no longer being raised and is therefore deemed abandoned.
Kassoff, P. J., Aronin and Chetta, JJ., concur.