McCooe, J.
(dissenting). The majority has granted summary judgment upon the ground that, as a matter of law, the landlord cannot prove an illegal sublet or assignment. Cited for this proposition are Park Holding Co. v Rosen (241 AD2d 304 [1st Dept 1997]), PLWJ Realty v Gonzalez (285 AD2d 370 [1st Dept *116 2001]), and. 61 Jane St. Assoc. v Kroll (102 AD2d 751 [1st Dept 1984]) which are all trial court decisions where factual issues were determinative.
The Appellate Division in PLWJ Realty reversed the Appellate Term upon the dissenting opinion of Phyllis Gangel-Jacob, J. which relied upon the authority of Park Holding Co. in dismissing the petition. The ground given in the dissenting opinion for dismissal was “failure to prove an illegal sublet.” The Appellate Division dismissed “for the reasons stated by Phyllis Gangel-Jacob, J.” (at 370). The Appellate Division further stated:
“The landlord brought this action as a holdover proceeding claiming that the tenant had illegally sublet the apartment. However, instead of as proof directed to an illegal sublet, the landlord’s evidence was submitted on the theory that the tenant no longer used the apartment as her primary residence.” (PLWJ Realty v Gonzalez, 285 AD2d at 370.)
Summary disposition is premature since the landlord has not had the opportunity to prove an illegal sublet (see Hudson St. Equities v Escoffier, 2003 NY Slip Op 51213[U] [App Term, 1st Dept] [McCooe, J., dissenting]).
Elinore Chechak vacated the apartment in 1997 and moved to Pennsylvania. The landlord offered her son Eric Chechak a lease for the apartment in his name which he occupied with his wife. This court found on a prior appeal, arising out of a 1999 nonpayment proceeding involving this apartment, that Elinore Chechak was judicially estopped from denying that she vacated the apartment. Allegedly Elinore Chechak moved back into the apartment in 1999 when Eric Chechak left the apartment and moved to Michigan, with his wife and child, where he purchased a home. Elinore Chechak has had a series of roommates or co-occupants since that time. The landlord should have the opportunity to conduct disclosure in order to establish an illegal assignment or sublet at trial as requested.
Furthermore the landlord cannot bring a nonprimary residence proceeding since there is no current signed lease (Ansonia Assoc. v Rosenberg, 163 AD2d 101, 102 [1st Dept 1990]).
The judgment should be reversed and a trial directed.
Davis and Schoenfeld, JJ., concur; McCooe, J.P, dissents in a separate memorandum.