William B. Sandler, J.
The landlords have instituted a holdover summary proceeding for the eviction of the tenant on the ground of an alleged substantial violation of the tenancy pursuant to section 5 of the State Residential Rent Law (L. 1946, ch. 274, as amd.), and section 52 of the State Rent and Eviction Regulations.
The landlords allege that the tenant has been using the apartment for purposes of a business; using the apartment for a day nursery; using the apartment for purposes of boarding children during the day and using the apartment for the care of children *1027 placed by an. agency. To these allegations the tenant has interposed a denial.
The lease provides in pertinent part that the apartment on the ground floor is “ to be occupied as a strictly private dwelling apartment by said tenant and the tenant’s immediate family only and not otherwise ’ ’. It further provides that if the tenant shall cease to occupy the premises or permit the same to be occupied by parties other than the tenant, the tenant’s immediate family and employees, the lease may be terminated.
The testimony, which is rather vague in some particulars, indicates substantially the following situation:
Some three years prior to the proceeding, a small child was “ taken in ” by the tenant. Several months prior to the proceeding, two small children were also “ taken in ”. The age of the said three children ranged from two to four years.
The evidence indicates that the children would leave about 5:30 p.m., that they would not come during the week end, that they would be fed while in the apartment, and that the children were not related to the tenant.
The evidence does not disclose how often the children would come to the apartment, whether they came regularly to the apartment, or what time in the day they would come (if they did come at a particular time).
There is testimony that the tenant’s wife received reimbursement, but it is not clear whether the reimbursement is actual compensation or for out-of-pocket expenses.
It is apparent that the proof falls far short of the allegations, and I hereby decide and find for the tenant, dismissing the landlord’s petition on the merits.
In their memorandum, landlords proceed on the incorrect assumption that the testimony established that the tenant’s wife, on a regular basis and for compensation was taking care of three small children received through an agency. If the evidence had established this situation, the court would still be of the view that it would not constitute a “ substantial ” violation of the tenancy.
As the Court of Appeals pointed out in Matter of Park East Land Corp. v. Finkelstein (299 N. Y. 70, 74): “ ‘ Substantial ’ is a word of general reference which takes on color and precision from its total context. Having little if any meaning when considered in abstract in vacuum, it must be defined with reference to the peculiar legal and factual setting in which it occurs.”
The proper care of working mother’s children is a basic social and economic problem of our time and society. The construe *1028 tion here sought by the landlord would have a crippling effect on an indispensable social technique.
The test of “ substantial ” in this context must be whether or not the use complained of materially affects the character of the premises. The court is not prepared to find that the care of three small children during the daytime hours, constitutes a substantial violation of the tenancy.
In view of the foregoing, it is unnecessary to consider other points raised in behalf of the tenant.