David Getzoff, J.
Petitioner instituted this holdover proceeding by notice of petition and petition alleging that respondent occupied the demised premises as a monthly statutory tenant for some years past, and, in violation of said tenancy, cared for children for remuneration, after notice to discontinue said use had been served upon respondent; that, pursuant to section 52 of the Rent and Eviction Regulations of the Housing and Development Administration of New York City, Department of Rent and Housing Maintenance, petitioner terminated respondent’s tenancy as of the 28th day of February, 1971 by written notice dated January 20,1971, personally served upon her for violation of a substantial obligation of her tenancy as set forth in said notice, and failure on her part to cure such violation as demanded by petitioner-landlord to respondent dated December 29, 1970. Copy of notice and affidavit of service were filed with the district rent office within 48 hours of such service upon respondent.
Respondent’s answer consisted of a general denial, except respondent admitted that she was a tenant of the premises, and for a first affirmative defense alleged ‘ ‘ that her actions are in compliance with the New York City Health Code, Article 53 and Section 410 of the Social Welfare Law.”
For a second affirmative defense respondent alleged: ‘ ‘ Petitioner is estopped from bringing the petition by reason of, laches.”
The attorneys for the respective parties entered into a written stipulation submitting the following agreed state of facts for determination by the court:
“ 1. That the relationship of landlord and tenant had existed for some years prior to February 28, 1971, when landlord purported to terminate the Tenancy by service of the notice dated January 20, 1971, attached to the petition.”
‘ ‘ 2. Respondent concedes service of all papers including letter dated 12-29-70, attached to the petition and service of notice dated 1-20-71, together with affidavit on the District Rent Office, copies of which are attached to.”
“ 3. Respondent concedes jurisdiction of the Court over the person and subject matter of this proceeding.”
*441 “4. It is conceded that respondent has occupied subject apartment prior to the purported date of termination thereof, as a statutory tenant and that no lease exists. ’ ’
“ 5. Subject apartment consists of four (4) rooms in a residential building and tenant is sole occupant thereof. ’ ’
“ 6. The respondent is taking care of six (6) children ranging in ages from 1 to 12, left with her from Monday through Friday of each week during the hours of 8 a.m. to 5 p.m. each day. Said children are left with her by the parents of the children for Day Care in a Family Home and respondent contends that she engages in such activity pursuant to a Certificate dated January 4, 1971 issued to her by the Department of Social Services, Bureau of Child Welfare, a true photo copy of which is hereto attached.
“ It is conceded she receives a monetary remuneration for the care of such children from the Department of Social Services, part of which respondent contends she is using for the care of the children and the balance for her own use.
‘ ‘ Respondent maintains she is also in receipt of supplemental assistance from the Department of Social Services but the remuneration for the care of the children is not a part of said public assistance.
‘ ‘ Respondent further concedes she does not have a permit from the New York City Department of Health for the care of said children.”
The photocopy of the certificate to provide day care for children in a family home as afore-mentioned certifies that respondent is authorized to provide day care at the demised premises not to exceed six children between the ages of 1 and 12. ‘ ‘ Children may be received at Day Care only from the agency issuing this Certificate or with the agency’s written consent and approval.” Said certificate expires on August 19, 1971.
No testimony or other evidence was taken or submitted.
Section 390 (subd. 6) of the Social Services Law provides as follows6. Such certificate shall be valid for not more than one year but may be renewed or extended in accordance with applicable rules of the board. However, no more than six children may be permitted to be cared for by any such certificate. If other children are in the home of a person to whom such certificate is issued, whether children of such person or otherwise, the number of children which may be permitted to be cared ’for under such certificate shall be reduced by the number of such other children, excepting, however, that where the social services official shall find that such other children are over the age of six *442 years and are enrolled in a school or other educational or recreational facility requiring the attendance of such other children during the approximate hours at which home care would be rendered then the presence of such other children in the home shall not reduce the number of children which may be cared for under such certificate. Notwithstanding any other provision of this section, such certificate may permit the care of more than six brothers and/or sisters of the same family.”
Respondent, having a certificate issued to her by the Bureau of Child Welfare of the City of New York Department of Social Services to provide day care for children in a family home, is not required to obtain a permit from the Department of Health of the City of New York.
Considering respondent’s first affirmative defense, article 53 of the New York City Health Code provides that family care means the regular daytime care of not more than five children — in the home of an unrelated family.
Respondent concedes that she cares for six children left with her by the parents of the children.
The compliance with the provisions of article 53 of the New York City Health Code (supra) is not before this court and is a matter to be considered by the proper authorities.
It is the well-settled rule that a tenant, in the absence of restrictions contained in a lease, may occupy and use the demised premises in any lawful way not materially different from the way in which they are usually employed, to which they are adapted, and for which they were constructed. However, the tenant must not do anything that injures the inheritance or which constitutes waste. (1 Rasch, Landlord and Tenant and Summary Proceedings, § 354, pp. 334-335; Lyon v. Bethlehem Eng. Corp., 253 N. Y. 111, 113; Sigsbee Holdinq Corp. v. Canavan, 39 Misc 2d 465, 466.)
Restrictions upon the use of property are not favored by the court. (1 Rasch, Landlord and Tenant and Summary Proceedings, § 379.)
A restriction will not be implied, and in the absence of provisions to the contrary a lessee may occupy and use the demised premises in any lawful way. (United Equities v. Mardordic Realty Co., 8 A D 2d 398, 401.)
In the instant proceeding no lease is involved, therefore, the restrictions petitioner is attempting to impose cannot be entertained.
Restrictive covenants are to be strictly construed against those who formulate and impose them, and the one who seeks to enforce them carries the burden of demonstrating that his ver *443 sion of the restriction is sustained by a plain and natural interpretation of its language. (1 Rasch, Landlord and Tenant and Summary Proceedings, § 380; Baumert v. Malkin, 235 N. Y. 115.)
The provisions of section 410 of the Social Services Law germane to the issues in this proceeding authorize public welfare officials to provide funds for day care of children in a group facility or in a family home for part of the day.
Petitioner contends that the use of the premises by respondent for the day care of six small children during the daytime for compensation is a violation of a substantial obligation of her tenancy.
In Matter of Park East Land Corp. v. Finkelstein (299 N. Y. 70) the court stated at page 74: “ ‘ Substantial’ is a word of general reference which takes on color and precision from its total context. Having little if any meaning when considered in abstract or in vacuum, it must be defined with reference to the peculiar legal and factual setting in which it occurs. (Cf. Steel Storage & Elevator Constr. Co. v. Stock, 225 N. Y. 173, 179.)” and at pages 75-76: “The landlord established no significant departure from the obligation of the tenancy nor any loss or damage itself.' (Cf. Matter of BCC Holding Corp. v. Coster, 194 Misc. 537.) * * * Even on the landlord’s own allegation, no increase in the total number of tenants, no increase in the landlord’s burdens or costs, no increase in wear and tear upon facilities, are shown.”
The test of ‘ ‘ substantial ’ ’ in the context alleged by petitioner must be whether or not the use and occupancy complained of materially affects the character of the building of which the demised premises are a part.
Residential premises are being used by occupants for music studios and doctors’ offices without changing the character of the building from residential to commercial. It, therefore, cannot be said that the use of the demised premises by respondent for the day care, of six small children for remuneration has changed or will change the character of the building of which the demised premises are a part from residential to commercial.
It has not been shown that the petitioner has been exposed to penal or civil penalties nor have the property rights been affected or imperiled nor any financial burden imposed upon petitioner. (Matter of Kearns v. Barney’s Clothes, 38 Misc 2d 787.)
No violation by any department has been submitted by petitioner nor has any other proof been offered to indicate that the premises are affected by respondent’s occupancy thereof.
The court does not find that the care of the children by the respondent during the hours of 8:00 a.m. to 5:00 p.m. from Mon *444 day to Friday of each week constitutes a substantial violation of the tenancy. (Diament v. Isaacs, 24 Misc 2d 1026.)
In view of the afore-mentioned, no consideration is being given to respondent’s second affirmative defense.
Final judgment for respondent.