■ CORPORATE GRAPHICS, INC., Respondent, v MEHLMAN MANAGEMENT CORPORATION et al., Appellants. — Order, Supreme Court, New York County, entered February 6, 1980, granting the motion to dismiss by certain defendants and denying it as to appellants Mehlman Management Corporation, Kips Bay Towers Company, and East Baykips Corporation, is unanimously reversed, on the law, to the extent appealed from, and the motion of said defendants to dismiss the complaint is granted, with costs. The leases provided that the tenant would not use the premises "for any purposes other than a private dwelling apartment." A contemporaneous rider to the leases said: "This is to certify that the lease agreements between Kips Bay Towers Company and Corporate Graphics, Inc. are considered to be residential leases. It is therefore understood that all laws and regulations applicable to residences would apply in this case." As a matter of ordinary contract law, a contention that the parties understood that the tenants could use the premises for commercial purposes would seem to violate the parol evidence rule. In a famous statement, Justice Holmes said: "[Y]ou cannot prove a mere private convention between the two parties to give language a different meaning from its common one. *** It would open too great risks if evidence were admissible to show that when they said five hundred feet they agreed it should mean one hundred inches, or that Bunker Hill Monument should signify the Old South Church. As an artificial construction cannot be given to plain words by express agreement, the same rule is applied when there is a mutual mistake not apparent on the face of the instrument." (*Goode v Riley*, 153 Mass 585, 586.) (See, also, 4 Williston, Contracts [3d ed], § 611, p 564.) Neither can the parties agree that "private dwelling" or "residential" shall mean unobtrusive commercial use, or argue they mistakenly believed that that was what the words meant. Similarly plaintiff cannot rely on any alleged representation by the landlord that unobtrusive commercial use was a use permitted by the lease or by law. "Since the written instrument contains terms different from those allegedly orally represented, and [plaintiff] is presumed to have read the writing, he may not claim he relied on the representations." (*Humble Oil & Refining Co. v Jaybert Esso Serv. Sta.*, 30

AD2d 952.) But the decisive factor in this case is that even assuming the landlord knew and consented to the use of the premises for commercial purposes, plaintiff would still not have a cause of action against the landlord because the landlord has not prevented the plaintiff from using the premises commercially. Rather, it is alleged that a public agency, New York City Department of Buildings, found plaintiff's use to be in violation of the New York City Administrative Code, and plaintiff finally had to vacate the premises. This is not a case in which the landlord expressly guaranteed that the contemplated use was legal. (Cf. *Municipal Metallic Bed Mfg. Corp. v Dobbs,* 253 NY 313.) At best, even if the landlord might be estopped from asserting the parol evidence rule (as to which we do not rule), this is a case in which both landlord and tenant were willing to have the premises used for a commercial use pretending that it was used for residential purposes; but the department of buildings would not play along with them. The landlord is no more responsible for this than the tenant. As the agreement between the parties expressly provided "all laws and regulations applicable to residences would apply," plaintiff is not in a position to complain against the landlord because the department of buildings applied the laws and regulations applicable to residences. Concur — Murphy, P.J., Kupferman, Birns, Carro and Silverman, JJ.