OPINION OF THE COURT
Martin Schoenfeld, J.
Respondent tenant moves for an order dismissing a summary holdover proceeding brought against him by petitioner landlord on the ground that this court has not acquired subject matter jurisdiction over the proceeding and that no cause of action has been stated. (See, CPLR 3211 [a] [2], [7].)
The underlying holdover proceeding was initiated on the ground that respondent violated a substantial obligation of his tenancy under section 2524.3 of the Rent Stabilization Code (RSC) (9 NYCRR 2524.3) by committing a nuisance in a bathroom shared with an adjacent room. This statute authorizes the commencement of a summary proceeding to recover possession of a housing accommodation which has been substantially damaged by the tenant or is occupied by an individual committing a nuisance on the property, engaging in conduct to harass or annoy other tenants or who has substantially interfered with the comfort or safety of others. (RSC § 2524.3 [b].)
Before an action may be commenced under this section a notice of termination which satisfies the requirements of RSC § 2524.2 must be served on the tenant. This section requires that the notice of termination state the particular ground on which the tenant’s eviction is sought as well as the underlying facts which establish the ground specified. (Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980]; Carriage Ct. Inn v Rains, 138 Misc 2d 444 [Civ Ct, NY County 1988]; Rose Assocs. v Bernstein, 138 Misc 2d 1044 [Civ Ct, NY County 1988.]) Only when the tenant is fully apprised of the facts upon which the action is predicated will he be able to properly raise issues *3 and sufficiently defend the accusations against him. (Giannini v Stuart, 6 AD2d 418 [1st Dept 1958].) If proper notice is not given the court is without subject matter jurisdiction and must dismiss the proceeding. (Stribula v Wien, 107 Misc 2d 114 [App Term, 1st Dept 1980]; Federal v Ortiz, 139 Misc 2d 274 [Civ Ct, Kings County 1988].) It is the sufficiency of the 30-day notice of termination served on respondent on September 27, 1988 which is under attack in the instant motion.
The subject premises is room number 85 in a single-room occupancy hotel known as Riverside Tower located at 80 Riverside Drive in New York City. The 30-day notice of termination served by petitioner alleged that respondent created a nuisance in a bathroom shared with the occupant of an adjacent room and demanded that he vacate his room by October 31, 1988. The facts cited in support of this allegation are respondent’s failure or refusal to flush the bathroom toilet after use, the existence of unsanitary and noxious odors caused by urinating on the bathroom floor and the over-all unsanitary, dirty and unsafe condition of the bathroom. The notice further accuses respondent of stealing money and personal property from an adjacent room, harassing and annoying other tenants and the landlord and substantially interfering with their comfort and safety. The question now before me is whether the facts contained in the instant notice of termination satisfy the requirements of section 2524.2 of the Rent Stabilization Code so as to confer jurisdiction on this court. I hold they do.
Respondent contends that the allegations accusing him of stealing money and property as well as harassing and interfering with the comfort and safety of the landlord and other tenants are conclusory at best. Such accusations alone would do little more than mimic the language contained in the statute from which this action is derived (see, RSC § 2524.3) and certainly do not provide respondent with an adequate understanding of what conduct is being complained of. (Giannini v Stuart, supra.) Mere assertions that a tenant has engaged in abusive conduct toward other residents has caused "unreasonable noise” and "disturbances” (James v Hunt, NYLJ, May 21, 1986, at 13, col 4 [Civ Ct, Bronx County]), or has permitted others to engage in illegal activities on the premises such as selling drugs or firing a weapon (Caiado v Bischoff, 140 Misc 2d 1014 [Yonkers City Ct, Westchester County 1988]) without more do not satisfy RSC § 2524.2.
Here however the notice of termination does go further. *4 That is, the allegations concerning respondent’s misconduct with respect to the common bathroom (i.e., his failure to flush the toilet after its use and the existence of noxious and unsanitary odors caused by urinating on the floor) are sufficiently particular. Although the dates and times of the acts complained of could have been included, such omission does not render the notice of termination defective since when viewed in its entirety it fairly apprises respondent of the facts upon which the action is founded.
In accordance with the above opinion respondent’s motion to dismiss the proceeding against him pursuant to CPLR 3211 (a) (2) and (7) is denied.