*1024 OPINION OF THE COURT
Mark H. Spires, J.
In this holdover proceeding, petitioner seeks possession of the premises 142-05 Roosevelt Avenue, Apartment 507, Flushing, New York, on the grounds that respondent, Robert N. Chudick, violated a substantial obligation of his tenancy by allowing an unauthorized person to occupy the apartment, in contravention of paragraph (14), the use clause, of the proprietary lease, by subletting the apartment without petitioner’s consent, in violation of paragraph (15) of the lease, and/or by assigning the lease without petitioner’s consent, in violation of paragraph (16) of the proprietary lease.
The parties agreed that there is no material issue of fact herein requiring a trial and requested that the court render a decision upon a stipulated statement of facts in lieu of a trial.
Pursuant to the stipulated statement of facts submitted by the parties, it is established that respondent does not occupy the apartment as his primary residence, that the apartment is being occupied by respondent’s brother, Timothy Chudick, that there has been no assignment of respondent’s proprietary lease to his brother, Timothy Chudick, that there is no rental agreement between respondent and Timothy Chudick, that Timothy Chudick pays no rent to respondent, and that respondent pays the maintenance himself directly to petitioner.
Accordingly, by the parties’ own admission, and for a lack of any contrary evidence, there has been no assignment of the proprietary lease in violation of paragraph (16) thereof, and no landlord-tenant relationship has been established between respondent and Timothy Chudick so as to support petitioner’s claim of sublet in violation of paragraph (15) of the proprietary lease.
The only remaining point of contention concerns petitioner’s claim that Timothy Chudick’s occupancy of the apartment violates the restrictive use clause of the lease.
Paragraph (14) of the proprietary lease provides as follows: "The Lessee shall not, without the written consent of the Lessor on such conditions as Lessor may prescribe, occupy or use the apartment or permit the same or any part thereof to he occupied or used for any purpose other than as a private dwelling for the Lessee and Lessee’s spouse, their children, grandchildren, grandparents, brothers and sisters and domestic employees, and in no event shall more than one married couple occupy the apartment without the written consent of *1025 the Lessor. In addition to the foregoing, the apartment may be occupied from time to time by guests of the Lessee for a period of time not exceeding one month, unless a longer period is approved in writing by the lessor, but no guests may occupy the apartment unless one or more of the permitted adult residents are then in occupancy or unless consented to in writing by the Lessor.” This provision specifically authorizes respondent’s brother to maintain the apartment as his residence. Petitioner, however, interprets this provision as restricting the brother’s residence to contemporaneous occupancy with respondent. According to petitioner, Timothy Chudick may reside in the apartment only if respondent maintains it as his primary residence.
The sole basis of petitioner’s interpretation is an appeal to the grammatical structure of the clause; it says, "The Lessee and” not, "The Lessee or.” According to petitioner, this implies that the lessee must reside in the apartment together with the permitted occupants. In terms of grammar, "and” is merely a coordinating conjunction (as is the word "or”). Alone it does not clearly impart any correlative meaning to the elements it joins and therefore does not inexorably mandate the reading that petitioner advances. In any event, the existence of a restrictive use of demised premises should not spring from an implication drawn from an attenuated grammatical analysis of a single conjunction. Restrictive use clauses in a lease, though legal and enforceable, are looked upon strictly by the courts, and an intention to restrict the manner of occupancy or use of the demised premises must be clearly and unequivocally expressed in the lease (Corporate Graphics v Mehlmen Mgt. Corp., 81 AD2d 767). In the absence of a clear provision in the lease, a restriction in the use of the premises will not be implied (Vittorio Props. v Alprin, 67 Misc 2d 439).
Words and phrases in a contract should be given their plain meaning (Messina v Lufthansa German Airlines, 47 NY2d 111) and in interpreting a disputed lease provision the court may not imply a meaning that is inconsistent with the agreement’s express terms and rewrite the contract for the parties (Tantleff v Truscelli, 110 AD2d 240 [2d Dept], affd 69 NY2d 769; Rodolitz v Neptune Paper Prods., 22 NY2d 383). Any ambiguity is to be strictly construed against the landlord who drafted the restrictive use clause and resolved in favor of the tenant (151 W. Assocs. v Printsiples Fabric Corp., 61 NY2d 732; Fabulous Stationers v Regency Joint Venture, 44 AD2d *1026 547; Sky Four Realty Co. v C.F.M. Enter., 128 AD2d 1011; Mihil Co. v Paradiso, 107 Misc 2d 867).
A landlord who has drafted a disputed lease provision and claims that it contains a restriction has the burden of demonstrating it by a plain and natural interpretation of the language of the provision (Vittorio Props. v Alprin, supra). In the opinion of this court, petitioner has failed to meet its burden. Nowhere is it specifically stated in paragraph (14) of the lease herein that petitioner must occupy the subject apartment contemporaneously with the permitted residents, except that no guests may occupy the apartment unless one or more of the permitted adult residents are then in occupancy. In the absence of any relevant lease provision or any statutory requirement, it may not be inferred that the parties’ intention was to mandate the residency of respondent. To the contrary, the language of paragraph (14) clearly implies that the residency of the lessee’s brother was not intended by the parties to be dependent on the lessee’s maintenance of the apartment as his primary residence. There is no contemporaneous occupancy requirement articulated with respect to the list of permitted permanent residents; but such a proviso is clearly expressed with respect to the occupancy of temporary guests, and it only requires the contemporaneous occupancy of "one or more” of the "permitted adult residents”, not the lessee himself. This language is clearly inconsistent with any demand that the lessee himself be in occupancy.
The plain language of the provision, read in its most natural and consistent light, compels this court to conclude that there is no requirement that respondent reside in the subject apartment contemporaneously with his brother, Timothy Chudick, and, therefore, respondent is not in violation of the use clause of his proprietary lease.
Petitioner’s argument that Timothy Chudick is a guest, who may only occupy the apartment as long as respondent is present, is disingenuous and clearly contrary to the plain language of paragraph (14). The provision unambiguously distinguishes between authorized permanent residents and temporary guests who may only stay at the apartment for up to 30 days provided at least one of the authorized adult residents is present. Paragraph (14) specifically permits the lessee’s brother to occupy the apartment as his dwelling, and juxtaposes said authorized adult resident with a mere transitory guest. Respondent’s brother is a resident of the demised premises which has been his dwelling since at least April *1027 1992. Timothy Chudick is not a guest within the meaning of paragraph (14) of the proprietary lease.
Finally, although the parties indicate that section 235-f of the Real Property Law is not applicable to the instant matter, they nevertheless devote an inordinate amount of space in their memoranda citing the provisions thereof and discussing cases where the statute is in issue. Therefore, the court feels compelled to comment thereupon in obiter dictum fashion. Under section 235-f (2) of the Real Property Law, any provision in a lease for residential rental premises limiting occupancy to the tenant and tenant’s immediate family is unenforceable as against public policy. The statute, moreover, is applicable to proprietary leases of cooperative apartments (Southridge Coop. Section No. 3 v Menendez, 141 Misc 2d 823). The statute, however, only applies where the resident of the apartment is someone other than the lessee’s immediate family and is not one of the persons specifically authorized under the lease to occupy the premises. In such a circumstance, Real Property Law § 235-f may be invoked as a defense to a holdover petition brought on the grounds that lessee has permitted a person not authorized under the lease to occupy the demised premises; and it may be used as a defense by the lessee to render the restrictive occupancy clause of the lease unenforceable only if all of the statute’s criteria for occupancy are met, one of which is that the lessee or lessee’s spouse must be occupying the premises as his or her primary residence (Real Property Law § 235-f [3], [4]). However, it must be stressed that Real Property Law § 235-f is available only as a defense inuring to the benefit of tenants; it may not be asserted offensively as a cause of action by landlords (Schneller v Moed, 128 Misc 2d 885), and, therefore, its provisions concerning the number and identity of occupants and primary residence of the lessee carry no independent legal force or presumption.
Real Property Law § 235-f clearly has no application to the instant matter. Here, the individual whose occupancy is being objected to by the landlord is an authorized resident under the use clause of the lease, and the tenant is seeking to enforce the clause, not have it rendered unenforceable. Therefore, paragraph (14) of the lease is valid and enforceable as it *1028 relates to Timothy Chudick, and there is no statutory requirement that petitioner occupy the apartment as his primary residence.
Accordingly, final judgment is rendered in favor of respondent, and the petition is dismissed, for the reasons heretofore stated.