■ LEROY BROWN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 86707.) [675 NYS2d 611] —In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Ruderman, J.), dated July 15, 1997, which, upon a decision of the same court dated June 13, 1997, upon the defendant's motion pursuant to CPLR 4404 (a) for judgment as a matter of law, made at the close of trial on the issue of liability only, dismissed the claim on the merits.

Ordered that the judgment is affirmed, with costs.

The claimant, Leroy Brown, was shot by a New York State Park Police Officer during the course of his arrest for possession of cocaine. Testimony at a trial on the issue of liability revealed that the officer observed Brown lunging at a fellow police officer with what appeared to be a handgun. The Court of

Claims granted the defendant's motion for judgment as a matter of law dismissing the claim.

A New York State Park Police Officer may discharge his or her firearm only in self defense or in defense of another in accordance with Penal Law § 35.30 (*see,* NY State Off of Parks and Recreation Manual of Conduct, art X, § 10.3.1). Pursuant to Penal Law § 35.30 (1) (c), an officer may not use deadly physical force upon another person unless he or she reasonably believes that the use of deadly physical force is necessary to defend him or herself or another person from what the officer reasonably believes to be the use or imminent use of deadly physical force (*see, People v Wesley,* 76 NY2d 555; *People v Goetz,* 68 NY2d 96). Here, the determination of the Court of Claims that the defendant had proved the elements of defense of another was supported by a fair interpretation of the evidence (*see, Tomaiko v State of New York,* 211 AD2d 782; *Taran v State of New York,* 186 AD2d 794). Thus, the claim was properly dismissed. Rosenblatt, J. P., Ritter, Krausman and Luciano, JJ., concur.