OPINION OF THE COURT
Lucy Billings, J.
*745 In Capital Holding Co. v Stavrolakes (242 AD2d 240 [1st Dept 1997], affd 92 NY2d 1009 [1998]), the Court examined the extent to which Real Property Law § 235-f limits roommates in residential tenancies. In this case, the court determines the extent to which a residential lease may limit roommates, consistent with the statute, and construes the limitation on roommates imposed by a standard lease provision that refers to the statute.
While Real Property Law § 235-f allows a lease to limit roommates to one, the statute does not contain any prohibition or presumption against more than one. Therefore the standard lease provision at issue, which limits the number of roommates “in accordance with” Real Property Law § 235-f, permits more than one roommate.
I. BACKGROUND
Petitioner landlord commenced this holdover proceeding to recover possession of apartment 3A at 251 West 91st Street, New York County, following, respondent’s admission, in a prior nonpayment proceeding, that he shared the premises with three roommates. Petitioner alleges that these roommates violate a provision of the parties’ lease, which states at paragraph 1: ‘You shall use the Apartment for living purposes only. The Apartment may be occupied by the tenant or tenants named above and by the immediate family of the tenant or tenants and by occupants as defined in and only in accordance with Real Property Law § 235-f.” (Affidavit of William E. Leavitt, exhibit D; see also, id., exhibit A, 5.) Respondent moves to dismiss the petition based on (1) a defective notice to cure, (2) failure to state a cause of action, and (3) waiver of the lease provision. As discussed below, the court grants the motion based on the petition’s failure to state a cause of action.
II. THE NOTICE TO CURE
The purpose of a notice to cure is to apprise the tenant of “the facts upon which the action is predicated,” to enable him “to properly raise issues and sufficiently defend the accusations” (Cosmopolitan Broadcasting Corp. v Miranda, 143 Misc 2d 1, 2-3 [Civ Ct, NY County 1989], citing Giannini v Stuart, 6 AD2d 418 [1st Dept 1958]), or “prepare to move out of the subject premises.” (Steinmetz v Barnett, 155 Misc 2d 98, 101 [Civ Ct, NY County 1992]; see, Ellivkroy Realty Corp. v HDP 86 Sponsor Corp., 162 AD2d 238 [1st Dept 1990].) The notice to cure in this case satisfies this standard.
*746 The notice claims that respondent violated paragraph 1 of the lease, limiting use and occupancy to the tenant and his immediate family and to “occupants” as defined in Real Property Law § 235-f. The notice further states that the violation is based on respondent’s alleged admission that he lives with three roommates named Tom Debose, Fransesca Contreras, and Jennifer Holly.
Together these statements can only mean either that the three roommates are not “occupants” as defined in Real Property Law § 235-f or, if they are, that the total occupants exceed the number allowed by the lease. The nature of the violation and the facts on which the violation is based are explicitly set forth. (See, SAAB Enters, v Bell, 198 AD2d 342, 343 [2d Dept 1993].)
III. THE CLAIM UNDER THE LEASE AND REAL PROPERTY LAW § 235-F
Respondent moves to dismiss the petition for failure to state a cause of action (CPLR 3211 [a] [7]), on the ground that the facts alleged do not establish a lease violation as a matter of law. In assessing this claim, the court must “determine whether, ‘accepting as true the factual averments of the complaint, plaintiff can succeed upon any reasonable view of the facts stated.’ ” (Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 318 [1995].)
Petitioner contends that the alleged violation is not of Real Property Law § 235-f itself, but of a lease provision tracking the language of the statute. Nevertheless, if the statute protects the conduct alleged, then it does not constitute a breach of the lease, because the lease cannot prohibit conduct protected by the statute. “Any provision of a lease or rental agreement purporting to waive a provision of this section is null and void.” (Real Property Law § 235-f [7].) Especially since the lease provision explicitly invokes the section 235-f definition of “occupant,” whether a violation occurred depends on the statute’s interpretation and application. Therefore petitioner states a cause of action only if the named roommates are not “occupants” as defined by Real Property Law § 235-f or if their number exceeds the occupancy limitations of the lease.
Section 235-f (1) (b) defines an “occupant” as “a person, other than a tenant or a member of a tenant’s immediate family, occupying a premises with the consent of the tenant or tenants.” Respondent does not dispute that his three roommates are neither tenants nor members of his immediate family, nor that *747 they occupy the premises with the tenant and with his consent. Section 235-f (1), on its face, imposes no limit on the number of occupants so long as they are unrelated persons living with the tenant and with his consent. Construed in accordance with section 235-f (1), then, the lease permits the occupancy alleged as the basis of this proceeding.
Even if the lease provision must be construed in accordance with all the subdivisions of Real Property Law § 235-f, not just the definition of “occupant” in section 235-f (1), the result is the same. Section 235-f (3) provides: “Any lease or rental agreement for residential premises entered into by one tenant shall be construed to permit occupancy by the tenant, immediate family of the tenant, one additional occupant, and dependent children of the occupant provided that the tenant or the tenant’s spouse occupies the premises as his primary residence.” If the landlord intended the lease to limit the number of occupants to one, that construction is not “in and only in accordance with” this or any other provision óf the statute.
In light of the legislation’s permissive language and remedial purpose “to protect tenants and occupants, not landlords,” the statute did not create “an affirmative right of action for landlords to enforce occupancy limitations.” (Capital Holding Co. v Stavrolakes, 242 AD2d 240, 242-243, supra; accord, Schneller v Moed, 128 Misc 2d 885, 887 [Civ Ct, NY County 1985]; see, Real Property Law § 235-f [2], [6], [9]; Costa v Frankel Realty, NYLJ, Oct. 23, 1996, at 33, col 6 [Sup Ct, NY County]; Barbizon Owners Corp. v Chudick, 159 Misc 2d 1023, 1027 [Civ Ct, Queens County 1994].) The provision concerning the number of occupants is not a prohibition against a tenant having more than one unrelated roommate. (Real Property Law § 235-f [3].) Nor does the statute elsewhere contain any limit or presumption as to the number of occupants. (Capital Holding Co. v Stavrolakes, 242 AD2d, at 243; see also, Barbizon Owners Corp. v Chudick, 159 Misc 2d, at 1027.) It “merely limited a landlord’s ability to restrict them.” (Capital Holding Co. v Stavrolakes, 242 AD2d, at 244; accord, Vidod Realty Co. v Calvin, 147 Misc 2d 488, 490 [Civ Ct, Bronx County 1989].)
Although Real Property Law § 235-f did not create any statutory limitation on occupancy, the statute did not render unenforceable lease provisions establishing “reasonable occupancy limitations” consistent with the protections afforded by the statute. (Capital Holding Co. v Stavrolakes, 242 AD2d, supra, at 244.) Thus, if the lease expressly limited the number *748 of “occupants” as defined by Real Property Law § 235-f (1) (b) to one, such a clause ought to be enforceable under section 235-f (3) if the occupancy limitation is otherwise “reasonable.” (Capital Holding Co. v Stavrolakes, 242 AD2d, at 244; see, 430 Realty Co. v Baird, NYLJ, May 14, 1997, at 29, col 5 [Civ Ct, NY County].)
Here, however, the lease does not contain any such express limit. While limiting the occupants to one may be permissible and consistent with Real Property Law § 235-f, a greater number is equally “in accordance with” the entire statute. (See, 61 Jane St. Assocs. v Kroll, 102 AD2d 751, 753 [1st Dept 1984].) Particularly since the lease in this case provides for “occupants,” not “an occupant” or “one occupant,” the provision must be interpreted to permit more than one occupant.
IV. CONCLUSION
Accepting petitioner’s allegations as true, no reasonable view of those facts states a cause of action under the lease interpreted according to the applicable statutory provisions. Therefore the court grants respondent’s motion to dismiss on this ground. In light of this determination, the court need not address respondent’s remaining grounds for dismissal.