■ PAULA JONES et al., Appellants, v SOUTHGATE OWNERS CORP., Respondent. [733 NYS2d 866] —Order, Supreme Court, New York County (Louis York, J.), entered August 15, 2000, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint seeking, *inter alia*, damages for defendant's allegedly wrongful imposition of sublet fees, unanimously affirmed, without costs.

The motion court properly found that, in light of the "broad language" in its Proprietary Lease, defendant cooperative corporation was entitled to impose and collect sublet fees without approval of a majority of the shareholders (*see, Zuckerman v 33072 Owners Corp.*, 97 AD2d 736, 737; *see also, McCabe v Hoffman*, 138 AD2d 287). We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Ellerin, JJ.

■ WALTER WATKINS, Appellant, v SEARS ROEBUCK & COMPANY, Respondent. [735 NYS2d 75] —Judgment, Supreme Court, Bronx County (Howard Silver, J.), entered May 22, 2001, dismissing the action for assault and battery upon defendant's motion for judgment as a matter of law made at the close of plaintiff's case, unanimously affirmed, without costs.

The action was properly dismissed upon plaintiff's trial testimony that his leg was broken when he was tackled from behind, without warning, by a security guard employed by defendant retail store, after he exited the store at a rapid pace with a stolen "boom box" knowing that he might be stopped or chased. Nothing in plaintiff's testimony indicates that he would have heeded a warning to stop, and the guard's use of force admittedly stopped once plaintiff hit the ground (*compare, Taggart v Alexander's, Inc.*, 90 AD2d 542). Given these circumstances, the non-deadly force used by the guard in apprehending a fleeing shoplifter was reasonable as a matter of law (*see*, General Business Law § 218; *cf.*, Penal Law § 35.30 [4]; *see, Sindle v New York City Tr. Auth.*, 33 NY2d 293, 296-297; *cf., e.g., Brown v State of New York*, 250 AD2d 796). We have considered plaintiff's other arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Ellerin, JJ.