■ 445/86 Owners Corp., Respondent, v Charles Haydon, Appellant. [751 NYS2d 456] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered June 1, 2001, in an action by a residential cooperative against a tenant/shareholder to recover sublet fees, awarding plaintiff the principal amount of $25,294.71, and bringing up for review an order, same court and Justice, entered on or about May 21, 2001, which denied

defendant's motion for summary judgment and granted plaintiff's cross motion for summary judgment, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff's cross motion denied, and the matter remanded for further proceedings in accordance herewith. Appeal from the order entered on or about May 21, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Insofar as pertinent, paragraph 14 of the proprietary lease provides that the apartment may not be used for any purpose "other than as a private dwelling for the Lessee and Lessee's wife, their children, grandchildren, parents, grandparents, brothers and sisters and domestic employees." The motion court correctly construed this as permitting occupancy by the listed persons other than the lessee only if the lessee maintains a concurrent occupancy. This meaning is manifested by a grammatical structure that does not differentiate between the lessee's family and domestic employees. Thus, to hold that paragraph 14 permits defendant's mother-in-law to live in the apartment without defendant also living there at the same time would be to permit defendant's domestic employee to live in the apartment without defendant also living there at the same time—a patently unintended if not absurd result (see *Weisz v 233 E. 69th Owners Corp.*, NYLJ, Apr. 19, 1995, at 25, cols 2, 4 [Sup Ct, NY County, Lebedeff, J.], citing inter alia Real Property Law § 235-f [3] [tenant or tenant's spouse must be in residence in order for the apartment to be occupied by the tenant's family or additional occupant]). We find it unnecessary to decide whether paragraph 14 is enforceable to the extent it conditions a spouse's occupancy on the lessee's concurrent occupancy, and is therefore apparently more restrictive than Real Property Law § 235-f (3).

The motion court also correctly held that under the broad language of its proprietary lease and bylaws, plaintiff was entitled to impose and collect sublet fees without approval of a majority of the shareholders (*Jones v Southgate Owners Corp.*, 289 AD2d 73).

However, the motion court erred in concluding that the sole, nonpermitted occupancy of the apartment by defendant's mother-in-law constitutes an illegal sublet. While defendant admits that the apartment is occupied solely by his mother-in-law, there is no evidence that such occupancy is by virtue of a right that cannot be revoked for a fixed period of time. To the contrary, on the evidence presented, it appears that the mother-in-law's occupancy is at defendant's will, and that she

is therefore his licensee, not tenant (*see American Jewish Theatre v Roundabout Theatre Co.*, 203 AD2d 155, 156). Nor does the proprietary lease or plaintiff's bylaws anywhere define a nonpermitted occupancy as a sublet. Accordingly, plaintiff is not entitled to summary judgment on its cause of action for sublet fees, and we modify accordingly.

Although Real Property Law § 234 affords the tenant a reciprocal right to attorneys' fees where the lease contains a provision entitling the landlord thereto, to support such an award, the judgment must be substantially favorable to the tenant (*Walentas v Johnes*, 257 AD2d 352, 354, *lv dismissed* 93 NY2d 958). Even if defendant ultimately prevails on the issue of whether he must pay sublet fees, any judgment that does not recognize his mother-in-law as sole occupant of the apartment cannot be said to be substantially in his favor. Concur—Williams, P.J., Nardelli, Mazzarelli, Buckley and Gonzalez, JJ.