Gangel-Jacob, J.
(dissenting). I respectfully dissent and would affirm. Once again we consider contentions of nonprimary residence brought in the guise of an illegal sublet to a family member, presumably to avoid the requirements of the “Golub” notice or perhaps as a “fishing expedition” in contemplation of future litigation.
Summary judgment dismissal of the holdover petition was warranted, since landlord failed to come forward with evidence of an illegal sublet in opposition to respondents’ factual showing on their motion. All that was shown is that the stabilized apartment may no longer be the primary residence of the 73-year-old tenant, who is currently in a nursing home, and that the *42 tenant’s adult son is now “taking care” of the apartment on a temporary basis. In the absence of any showing whatsoever that a leasehold relationship existed between the father and son (see 445/86 Owners Corp. v Haydon, 300 AD2d 87, 88-89 [2002]), the illegal sublet petition was properly dismissed. Landlord’s allegations may be pursued in the context of a nonprimary residence holdover proceeding (see 235 W. 71 St. LLC v Chechak, 16 AD3d 242 [2005]; PLWJ Realty v Gonzalez, 285 AD2d 370 [2001], lv dismissed 97 NY2d 676 [2001]; Park Holding Co. v Rosen, 241 AD2d 304 [1997]).
Davis, J.E, and Schoenfeld, J., concur; Gangel-Jacob, J., dissents in a separate memorandum.