OPINION OF THE COURT
Scott Fairgrieve, J.
The petitioner commenced this holdover proceeding by the service of a notice of petition and petition to recover possession of the premises described as 221 Middle Neck Road, apartment D2, Great Neck, NY 11021. The petitioner seeks a judgment of possession and warrant of eviction, along with maintenance arrears of $871.50, plus legal fees, costs and disbursements.
The respondents, Rose Paris and Catalina Paris, move for an order dismissing the petition, pursuant to CPLR 3211 (a) (1), upon documentary evidence, or in the alternative, for a dismissal pursuant to CPLR 3211 (a) (7) and RPAPL 741, upon the grounds that the petition fails to state a cause of action. The respondents also seek to extend their time to file an answer if said motion is denied.
On or about May 25, 2005, respondent Rose Paris purchased 370 shares of common stock evidencing ownership of the subject premises (see respondents’ exhibit D). Since the unit in question is a cooperative, the premises are governed by the terms and conditions set forth in the written proprietary lease and house rules (see respondents’ exhibits B, C). On January 28, 2017, the petitioner served a five day notice to terminate seeking to extinguish the tenancies of both Rose Paris and her daughter, respondent Catalina Paris. The termination notice lists Rose Paris as the proprietary lessee and Catalina Paris as subtenant (respondents’ exhibit A). The basis for the termination is an alleged violation of paragraph 15 of the proprietary lease. In relying thereon, the petitioner claims that Rose Paris is unlawfully subletting the apartment to her daughter.
In opposition to the motion, the respondents argue that they have not violated paragraph 15 of the lease. Rather, the respondents contend that the plain language of the proprietary lease allows for immediate family members to reside with a named lessee. In support thereof, respondents have submitted a copy of the proprietary lease which bears Rose Paris’s signature, and a copy of the house rules. In addition, the respondents have annexed the affidavits of Rose Paris and Catalina Paris to the motion at bar.
*857 Rose Paris states that she is the proprietary lessee who purchased the premises in or about 2005. She claims that she has never illegally sublet her apartment to her daughter. Rather, her daughter resides with her and on occasion, her daughter’s boyfriend “stays at the apartment.” According to the affidavit of Catalina Paris, she has resided with her mother for the past 12 years. She states: “the Landlord has known I have resided in the apartment with my mother. In fact, I have paid, and the landlord has accepted, payments in my name for my mother’s maintenance dues for years” (Catalina Paris aff f 4). She further claims that there is no “sublease” agreement with her mother and that she does not pay rent.
In moving to dismiss the petition for failing to state a cause of action under CPLR 3211 (a) (7), the “court must afford the pleading a liberal construction, accept as true all facts as alleged in the pleading, accord the pleader the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuworth, LLC v Comprehensive Mental Assessment & Med. Care, P.C., 110 AD3d 1022, 1023 [2d Dept 2013]).
In the context of a summary holdover proceeding, as in the case at bar, the pleadings are governed by RPAPL 741. In pertinent part, RPAPL 741 provides that a petition shall:
“1. State the interest of the petitioner in the premises from which removal is sought.
“2. State the respondent’s interest in the premises and his relationship [with] petitioner [in] regard thereto.
“3. Describe the premises from which removal is sought.
“4. State the facts upon which the special proceeding is based.
“5. State the relief sought.”
Based upon the factual descriptions therein, the petition at bar satisfies the aforementioned requirements and states a cause of action for a summary holdover proceeding. Accordingly, dismissal on this basis is denied.
The respondents also seek dismissal pursuant to CPLR 3211 (a) (1). A motion to dismiss upon documentary evidence will only be granted if the evidence resolves all factual issues as a matter of law, and conclusively disposes of plaintiff’s claim (see Fontanetta v John Doe 1, 73 AD3d 78, 83 [2d Dept 2010]). For *858 evidence to qualify as “documentary evidence” under this section, “it must be ‘unambiguous, authentic and undeniable’ ” (see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714 [2d Dept 2012]). “Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211 (a) (1)” (J.A. Lee Elec., Inc. v City of New York, 119 AD3d 652, 653 [2d Dept 2014], citing Granada Condominium III Assn, v Palomino, 78 AD3d 996, 997 [2d Dept 2010]).
Here, the material submitted by the respondents in support of their motion, namely, the affidavits of Rose Paris and Catalina Paris, do not constitute documentary evidence within the meaning of CPLR 3211 (a) (1). However, as previously noted, in moving for dismissal the respondents also rely upon the proprietary lease and maintain that the plain language contained therein clearly allows Rose Paris to reside in the apartment with her immediate family members and that as such her daughter, Catalina, cannot be evicted as a subtenant.
Thus, at bar is the interpretation of paragraph 14 of the proprietary lease, entitled “Use of Premises,” as well as paragraph 15, entitled “Subletting.” In relevant part, paragraph 14 provides as follows:
“The Lessee shall not, without the written consent of the Lessor on such conditions as Lessor may prescribe, occupy or use the apartment or permit the same or any part hereof to be occupied or used for any purpose other than as a private dwelling for the Lessee and Lessee’s spouse, their children, grandchildren, parents, grand-parents, brother and sisters and domestic employees, and in no event shall more than one married couple occupy the apartment without the written consent of the Lessor. In addition to the foregoing, the apartment may be occupied from time to time by guests of the Lessee for a period of time not exceeding one month, unless a longer period is approved in writing by the Lessor, but no guests may occupy the apartment unless one or more of the permitted adult residents are then in occupancy or unless consented to in writing by the Lessor.”
In pertinent part, paragraph 15 of said lease provides: “Except as provided in Paragraph 17 (b) and 38 of this lease, the Lessee shall not sublet the whole or any part of the apartment or renew or extend any previously authorized sublease, *859 unless consent thereto shall have been duly authorized.” The court notes that paragraphs 17 (b) and 38 are inapplicable here, and it is uncontroverted that no such prior consent was given.
In construing the instant proprietary lease, the court must seek to avoid an interpretation that would render a provision ineffective (Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc., 63 NY2d 396 [1984]), and the words must be accorded their fair and reasonable meaning (Albanese v Consolidated Rail Corp., 245 AD2d 475 [2d Dept 1997]). Moreover, the court must arrive at a construction so that there is a reasonable determination of the parties’ expectations (see Partrick v Guarniere, 204 AD2d 702 [2d Dept 1994]).
All contracts imply a covenant of good faith and fair dealing in the course of performance (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144 [2002]; Smith v General Acc. Ins. Co., 91 NY2d 648 [1998]), and the court will not set aside a contract merely because, in hindsight, a party decides that the terms of the contract were improvident (see Town of Clarkstown v M.R.O. Pump & Tank, 287 AD2d 497 [2d Dept 2001]). In the absence of any ambiguity, the court must look solely to the language used by the parties to discern the contract’s meaning.
Again, the crux of petitioner’s argument is that Rose Paris has violated the lease by unlawfully subletting the premises to her daughter. Specifically, the petitioner claims that Rose Paris does not reside in the apartment, and that the lease requires her to occupy the premises contemporaneously with her daughter. In support thereof, in its reply, the petitioner submits the affidavit of Steven Gaffner, the board president, who claims that Rose Paris does not occupy the apartment (see aff ¶| 8, 10). As such, the petitioner argues that Catalina’s occupancy, without Rose, violates the restrictive use clause of the lease and is tantamount to an illegal sublet.
This court is cognizant of the holdings set forth in 445/86 Owners Corp. v Haydon (300 AD2d 87 [1st Dept 2002]) and 230-79 Equity, Inc. v Frank (50 Misc 3d 144[A], 2016 NY Slip Op 50245 [U] [App Term, 1st Dept 2016]), wherein both courts, construing identical provisions to the one at issue here, found a contemporaneous occupancy requirement.
In doing so, the Court in Haydon (at 88) held:
“Insofar as pertinent, paragraph 14 of the propri *860 etary lease provides that the apartment may not be used for any purpose ‘other than as a private dwelling for the Lessee and Lessee’s wife, their children, grandchildren, parents, grandparents, brothers and sisters and domestic employees.’ The motion court correctly construed this as permitting occupancy by-the listed persons other than the lessee only if the lessee maintains a concurrent occupancy. This meaning is manifested by a grammatical structure that does not differentiate between the lessee’s family and domestic employees. Thus, to hold that paragraph 14 permits defendant’s mother-in-law to live in the apartment without defendant also living there at the same time would be to permit defendant’s domestic employee to live in the apartment without defendant also living there at the same time—a patently unintended if not absurd result (see Weisz v 233 E. 69th Owners Corp., NYLJ, Apr. 19, 1995, at 25, cols 2, 4 [Sup Ct, NY County, Lebedeff, J.], citing inter alia Real Property Law § 235-f [3] [tenant or tenant’s spouse must be in residence in order for the apartment to be occupied by the tenant’s family or additional occupant]).”
However, a different result was reached in interpreting the same provision, in Barbizon Owners Corp. v Chudick (159 Misc 2d 1023, 1025 [Civ Ct, Queens County 1994]; see also New York Condominium and Cooperative Law § 10:8, Validity of restrictions on use and occupancy). In Barbizon, a cooperative apartment was being occupied not by the proprietary lessee, but by his brother. The court rejected the claim that contemporaneous occupancy was required. In doing so, the court reasoned:
“The sole basis of petitioner’s interpretation is an appeal to the grammatical structure of the clause; it says, ‘The Lessee and’ not, ‘The Lessee or.’ According to petitioner, this implies that the lessee must reside in the apartment together with the permitted occupants. In terms of grammar, ‘and’ is merely a coordinating conjunction (as is the word ‘or’). Alone it does not clearly impart any correlative meaning to the elements it joins and therefore does not inexorably mandate the reading that petitioner advances. In any event, the existence of a restrictive use of demised premises should not spring from an implication drawn from an attenu *861 ated grammatical analysis of a single conjunction. Restrictive use clauses in a lease, though legal and enforceable, are looked upon strictly by the courts, and an intention to restrict the manner of occupancy or use of the demised premises must be clearly and unequivocally expressed in the lease (Corporate Graphics v Mehlmen Mgt. Corp., 81 AD2d 767). In the absence of a clear provision in the lease, a restriction in the use of the premises will not be implied (Vittorio Props. v Alprin, 67 Misc 2d 439)” (id.).
The court further stated:
“Any ambiguity is to be strictly construed against the landlord who drafted the restrictive use clause and resolved in favor of the tenant.... A landlord who has drafted a disputed lease provision and claims that it contains a restriction has the burden of demonstrating it by a plain and natural interpretation of the language of the provision (Vittorio Props. v Alprin, supra). In the opinion of this court, petitioner has failed to meet its burden. Nowhere is it specifically stated in paragraph (14) of the lease herein that petitioner must occupy the subject apartment contemporaneously with the permitted residents, except that no guests may occupy the apartment unless one or more of the permitted adult residents are then in occupancy. In the absence of any relevant lease provision or any statutory requirement, it may not be inferred that the parties’ intention was to mandate the residency of respondent. To the contrary, the language of paragraph (14) clearly implies that the residency of the lessee’s brother was not intended by the parties to be dependent on the lessee’s maintenance of the apartment as his primary residence. There is no contemporaneous occupancy requirement articulated with respect to the list of permitted permanent residents; but such a proviso is clearly expressed with respects to the occupancy of temporary guests, and it only requires contemporaneous occupancy of ‘one or more’ of the ‘permitted adult residents’, not the lessee himself. This language is clearly inconsistent with any demand that the lessee himself be in occupancy” (id. at 1026).
Moreover, under certain circumstances, a restriction on use and occupancy can be waived by a cooperative corporation. In *862 201 E. 37 Owners Corp. v Cass (3 Misc 3d 1102[A], 2004 NY Slip Op 50339 [U] [Civ Ct, NY County 2004]), there was an express, initial waiver, via written consent by the board. There was also a waiver via acceptance of maintenance payments for a period of 11 years with knowledge that only the lessee’s son occupied the apartment. In granting summary judgment to the respondents and dismissing the petition, the court held: “petitioner waived Paragraph 26, the no-waiver clause, both by express agreement and by accepting rent for 11 years while knowing about Ms. Cass non-coterminous occupancy with her son” (201 E. 37 Owners Corp., 2004 NY Slip Op 50339[U], *2). The court further reasoned:
“This opinion does not suggest that a cooperative’s board of directors may never revoke the right it gives an owner not to cohabitate with an occupant. All this opinion suggests is that it may not evict them without further ado after its agent grants permission in writing and after it accepts rent for more than 11 years knowing about the non-coterminous occupancy. Any other rule would allow cooperators to be misled by a cooperative board’s conduct inconsistent with a proprietary lease” (id. at *4).
Finally, in Wilson v Valley Park Estates Owners Corp. (301 AD2d 589, 590 [2d Dept 2003]), the plaintiff brought an action for a judgment declaring that he was in compliance with the terms of his proprietary lease relating to contemporaneous occupancy. In finding the lease provision ambiguous, the Second Department held:
“There are triable issues of fact as to whether the plaintiff Eddie Wilson, Sr., breached his proprietary lease by allowing his daughter and her fiancé to reside in the unit he purchased, while he [resided] elsewhere. The defendants claim that the proprietary lease required that the subject unit be occupied by the shareholder and his family, and that according to the cooperative’s policy, use of the unit was considered a sublet unless the shareholder was in residence. Such a sublet required consent of the cooperative’s board of directors, which allegedly was not obtained. However, the relevant provision of the proprietary lease is ambiguous and does not expressly require that consent be obtained for the type of arrangement at issue in this case. Accord *863 ingly, judgment as a matter of law should not have been granted in the defendants’ favor on the basis of this alleged breach” (id.).
In view of the controlling Second Department authority, the respondents’ motion for a dismissal upon documentary evidence, i.e. the proprietary lease, must be denied. The respondents’ request to extend their time to file an answer is granted.