Chiagkouris v 201 W. 16 Owners Corp. (2018 NY Slip Op 02428)





Chiagkouris v 201 W. 16 Owners Corp.


2018 NY Slip Op 02428


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6239 160540/16

[*1]Leo Chiagkouris also known as Leo Chiag Kouris, Plaintiff-Appellant-Respondent,
v
201 West 16 Owners Corp., Defendant-Respondent-Appellant. 
 [And a Third Party Action]


Zingman & Associates PLLC, New York (Mitchell S. Zingman of counsel), for appellant-respondent.
Pryor Cashman LLP, New York (Eric D. Sherman and Andrew M. Goldsmith of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about August 14, 2017, which denied plaintiff's motion for summary judgment declaring, inter alia, that defendant's termination of his proprietary lease is null and void, and denied defendant's request for a search of the record and summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendant's request to the extent of declaring that defendant's termination of plaintiff's lease was proper, and otherwise affirmed, without costs.
At issue is whether plaintiff violated article 14 of the proprietary lease between the parties by allowing a friend (third-party defendant William Scotty Sheriff) to occupy his apartment in his absence.
Article 14 provides, in pertinent part: "The Lessee shall not, without the written consent of the Lessor on such conditions as Lessor may prescribe, occupy or use the apartment or permit the same or any part thereof to be occupied or used for any purpose other than as a private dwelling for the Lessee and Lessee's spouse, their children, grandchildren, parents, grandparents, brothers and sisters and domestic employees ... The Lessee may also allow one (1) unrelated party, and that party's dependent children to occupy the apartment without the prior written consent of the Lessor . In addition to the foregoing, the apartment may be occupied from time to time by guests of the Lessee for a period of time not exceeding one month, unless a longer period is approved in writing by the Lessor, but no guests may occupy the apartment unless one or more of the permitted adult residents are then in occupancy or unless consented to in writing by the Lessor" (emphasis added).
We have previously held that article 14 "permit[s] occupancy by the listed persons other than the lessee only if the lessee maintains a concurrent occupancy" (see 455/86 Owners Corp. v Haydon , 300 AD2d 87, 88 [1st Dept 2002]). Plaintiff points out that in Haydon we did not interpret the sentence italicized above and contends that nothing in that sentence indicates that the lessee must be in occupancy with the unrelated party. However, reading Article 14 as a whole, as we must, with no single sentence isolated (see Bijan Designer for Men v Fireman's Fund Ins. Co. , 264 AD2d 48, 51-52 [1st Dept 2000], lv denied 96 NY2d 707 [2001]), we find that the interpretation we affirmed in Haydon is the only reasonable interpretation of the article. Therefore, plaintiff was not permitted to allow Sheriff to occupy his apartment without maintaining a concurrent occupancy.
Plaintiff failed to show that defendant acted outside the scope of its authority, in a way that did not legitimately further its corporate purpose, or in bad faith, and that therefore its decision to terminate his tenancy is not protected by the business judgment rule (see 40 W. 67th [*2]St. v Pullman , 100 NY2d 147, 155 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK