OPINION OF THE COURT
Howard Sherman, J.
Respondent moves for an order pursuant to CPLR 3211 (a)' (2) to dismiss this proceeding for lack of subject matter jurisdiction on the grounds that the notice of intention of nonrenewal fails to conform with the requireihents of Rent Stabilization Code (9 NYCRR) § 2524.2, and on the further ground that the petition and notice of petition fail to refer to, incorporate, or contain a copy of the notice of intention of nonrenewal.
Petitioner brought this holdover proceeding, seeking to recover the subject premises on the grounds of owner’s own use. Petitioner mailed a "Notice of Non-Renewal of the Lease (150-120 days)” to respondent on or about May 26, 1987 that states in relevant part: "This notice is to inform you that your present lease which expires on September 30, 1987 will not be renewed. The reason for non-renewal is the requirement of *275 the owner and his family to utilize this apartment for his personal use and occupancy.”
Rent Stabilization Code (9 NYCRR) § 2524.2, effective as of May 1, 1987 provides in pertinent part as follows:
"(a) * * * no tenant shall be removed or evicted from a housing accommodation by court process, and no action or proceeding shall be commenced for such purpose upon any of the grounds permitted in section * * * 2524.4 of [this] Part, unless and until the owner shall have given written notice to such tenant as hereinafter provided.
"(b) Every notice to a tenant to vacate or surrender possession of a housing accommodation shall state the ground under section * * * 2524.4 of this Part, upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession.”
Section 2524.4 provides that
"The owner shall not be required to offer a renewal lease to a tenant * * * and may commence an action or proceeding to recover possession in a court of competent jurisdiction, upon the expiration of the existing lease term, if any, after serving the tenant with a notice as required pursuant to section 2524.2 of this Part [Termination Notices], only on one or more of the following grounds:
"(a) Occupancy by owner or member of owner’s immediate family. (1) An owner who seeks to recover possession of a housing accommodation for such owner’s personal use and occupancy as his or her primary residence in the City of New York and/or for the use and occupancy of a member of his or her immediate family as his or her primary residence in the City of New York * * *
"(4) No action or proceeding to recover possession pursuant to this subdivision shall be commenced in a court of competent jurisdiction unless the owner shall have served the tenant with a termination notice in accordance with subdivisions (a), (b) and (c) (3) of section 2524.2 of this Part [Termination Notices].”
Thus, effective May 1, 1987 the Rent Stabilization Code mandates that a termination notice pursuant to section 2524.2 be served prior to commencement of a proceeding to recover possession of premises after nonrenewal of a lease based upon owner occupancy. There was no provision in the prior code setting forth the required contents of termination notices.
*276 The window-period notice herein sets forth the grounds upon which the owner relies for removal or eviction ("the requirement of the owner and his family to utilize this apartment for his personal use and occupancy”), and the date when the tenant is required to surrender possession ("your present lease * * * expires on September 30, 1987 * * * make arrangements for vacating the apartment by the end of the lease. In case there is some delay in vacating the apartment on time a hold-over proceeding will be filed in the court for the owner’s occupancy”). However, this notice is devoid of any statement of facts necessary to establish the existence of the grounds upon which the owner relies. The court notes that petitioner’s affidavit in opposition sets forth reasons and allegations of fact underlying petitioner’s desire to recover the apartment dor his own use. The court, without reaching the question of whether such facts, if proven, would constitute sufficient basis for the owner to recover possession herein, does find that were said reasons set forth in the window-period notice, that notice would be in compliance with the requirements of section 2524.2. Absent any statement of facts establishing the existence of the ground upon which petitioner proceeds, however, the notice is defective. This infirmity cannot be cured by a recitation in a party’s papers in opposition to a motion to dismiss. Failure to serve a notice in accordance with the requirements of section 2524.2 prior to commencement of an action under section 2524.4 (a) deprives this court of subject matter jurisdiction. (See, Rose Assocs. v Bernstein, 138 Misc 2d 1044 [Civ Ct, NY County 1988, Friedman J.].) Accordingly, the petition is dismissed.
The court notes that it reaches no other issue raised by respondent’s motion.