PIE 468 Main LLC v Ortiz (2025 NY Slip Op 50990(U))

[*1]

PIE 468 Main LLC v Ortiz

2025 NY Slip Op 50990(U)

Decided on May 30, 2025

City Court Of Poughkeepsie, Dutchess County

Mora, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 30, 2025
City Court of Poughkeepsie, Dutchess County

PIE 468 Main LLC, C/O 360 Property Management, Petitioner,

against
Javonne Ortiz "JOHN DOE" "MARY DOE" 468 Main Street, Apt. #2 Poughkeepsie, NY 12601, Respondent.

Index No. LT-388-25

Craig M. Wallace, Esq.
Wallace & Wallace, LLP
Attorneys for the Petitioner
85 Civic Center Plaza, Suite LL3
Poughkeepsie, NY 12601
Allison Dentinger, Esq.
Hudson Valley Justice Center
Attorney for the Respondent
29 North Hamilton Street, Suite 205
Poughkeepsie, NY 12601

Frank M. Mora, J.

On March 10, 2025, Petitioner filed a non-payment summary proceeding seeking to recover $5,382.00 in rental arrears and a warrant of eviction. On March 28, 2025, Respondent filed a motion to dismiss the petition pursuant to C.P.L.R. § 3211(a)(7) on the grounds that the predicate notice served upon the Respondent is fatally defective. Respondent's motion is supported by the affirmation of Allie Dentinger, Esq., of the Hudson Valley Justice Center, dated March 26, 2025, together with Exhibits A-C. Petitioner has opposed the motion by affirmation in opposition of Craig M. Wallace, Esq., dated April 18, 2025, together with Exhibits 1-2. Respondent has filed the reply affirmation of Allie Dentinger, Esq., dated April 23, 2025, in further support of his motion to dismiss. Now having duly deliberated upon the motion, the opposition, the reply and all of the papers and proceedings heretofore held, the Court determines the matter as follows:
FACTS & ARGUMENTS
The parties entered into a written rental agreement effective April 11, 2024, wherein the Respondent promised to pay rent in the amount of $1,300 per month. The instant summary proceeding seeks to recover possession of the rental property and past rent due together with fair use and occupancy rent, costs and disbursements. The petition avers, in part, that rent was duly demanded from the Tenant and that a 14-day (predicate) Notice and Good Cause Law Notice, were served upon the Respondent on or about February 19, 2025. Petition ¶ 9. Together with the petition, the Petitioner filed an affidavit of service detailing that the 14-day notice and Good Cause Eviction Law Notice were both personally served upon the Respondent. 
The matter was scheduled for a first appearance on March 26, 2025, at which time both parties appeared, but the parties were unable to settle the matter. On March 28, 2025, Respondent filed the instant motion to dismiss, and Petitioner filed opposition to same. 
Respondent's motion challenges the sufficiency of the petition on the grounds that the 14-day predicate notice seeks to recover attorney's fees which is a violation of R.P.L. § 234-a. Specifically, Respondent contends that the 14-day rent demand seeks rent in excess of the contract rent for the subject unit because it seeks unawarded attorney's fees in the amount of $655.00 according to the Petitioner's ledger. Dentinger affirmation, dated March 26, 2025, ¶ 8. Respondent argues that R.P.A.P.L. § 702(1) prohibits fees, charges, or other penalties from being sought in a summary proceeding in spite of language in the lease or rent agreement that may state otherwise. Dentinger affirmation, dated March 26, 2025, ¶ 9. Respondent further argues that R.P.L. § 234-a prohibits the assessment of any fees, charges or penalties other than rent from being sought in a summary proceeding unless there is legal authority pursuant to a court order. Respondent further highlights that R.P.L. § 234-a provides that any agreement entered contrary to this shall be void as contrary to public policy. Id. The 14-day notice also demands $132.00 (rather than $182.00 that is sought in the Petition) as a rent balance for November. These defects render the petition defective, requiring dismissal. Dentinger affirmation, dated March 26, 2025.
In opposition, the Petitioner argues that the petition should not be dismissed because the parties made certain contracts within the lease agreement, which permitted Petitioner to convert attorney's fees into "added rent." Here, the added rent is just that, "rent," and thus permitted to be demanded in the predicate notice. Petitioner had a good-faith basis under paragraphs 3 and 30 of the Tenant's Rules and Regulations of the lease rider to include these fees and charges because they are "added rent" — which were then demanded within the 14-day notice. Petitioner maintains that no fees, charges or penalties other than base rent is being sought in the rent demand and petition before this Court and the motion to dismiss must be denied. Wallace affirmation, dated April 18, 2025, ¶s 23-25. As far as the 14-day rent demanding $50.00 less ($132 instead of $182.00), Petitioner argues that this was a typographical error than can be amended downward at the discretion of the court, and for which the Respondent will suffer no prejudice. Wallace affirmation, dated April 18, 2025, ¶s 26-29. 
In reply, Respondent maintains that the 14-day predicate notice does not provide a good faith approximation of rental arrears because the Petitioner is applying rental payments to fees, charges, or penalties other than the base rent — which they maintain is illegal. Dentinger affirmation, dated April 23, 2025. Citing again R.P.L. §234-a, Respondent argues that charges, such as attorney fees, that are neither agreed upon or court ordered, make it illegal for a landlord [*2]to file a summary proceeding for eviction and apply rental payments towards fees or charges instead of rent. 

LEGAL ANALYSIS AND CONCLUSION

Summary eviction proceedings are special proceedings governed by Article 7 of Real Property Actions and Proceedings Law, for they did not exist at common law. They are meant to operate on an accelerated timetable and defects which are ordinarily amendable in plenary actions may be considered "jurisdictional" in summary proceedings and may not be subject to amendment. Thus, if the petitioner fails to comply strictly with the terms of the statute, the defect cannot be amended, the court has no jurisdiction, and the petition must be dismissed. SCHERER, RESIDENTIAL LANDLORD-TENANT LAW IN NEW YORK, § 7:63 (2024-2025).
Defects in a notice of termination generally cannot be cured by amendment. Chinatown Apartments, Inc. v. Chu Cho Lam, 51 NY2d 786 (1980). As well, failure to include sufficient details of the allegations in the notice of termination cannot be cured by submitting the details at some later point in the proceedings, for example, by way of a subsequent affidavit. Federal v. Ortiz, 139 Misc 2d 274 (Civ. Ct. Kings County 1988). 
Here, the petitioner properly served the 14-day notice pursuant to R.P.A.P.L. § 711(2) and R.P.A.P.L. § 735(1). Petitioner does not dispute that the 14-day notice included "added rent" which in part, included fees and charges that had not been paid. Petitioner contends that this was permissible because the parties agreed to such terms in the lease. Specifically, the lease terms permit the landlord to convert "other charges" owed to the Landlord under the terms of the lease to become "added rent" which would be payable as rent. Lease Agreement, dated April 11, 2024, ¶3.
Indeed, as a general rule of law, except when expressly prohibited by statute, a person may waive any right that he has whether secured to him by contract, conferred to him by statute, or guaranteed to him by the Constitution. Carroll v. Grumet, 281 A.D. 35 (1st Dept. 1952) citing People ex rel McLaughlin v. Board of Police Commissioners, 174 NY 450, 456 (1903). Here, however, R.P.L. § 234-a specifically prohibits a clause like this in a lease. R.P.L. § 234-a(c). In short, a lease agreement permitting the assessment of a fee, surcharge or other charges for legal services in connection with a rental of a residential unit — like here — has been deemed by the New York State Legislature to violate public policy, and may not be waived. R.P.L. § 234-a. The statute expressly prohibits a person from waiving such rights by contract. As such, the clause in the instant lease agreement that permitted the landlord to apply rental payments towards attorney's fees (or charges) incurred during the tenancy - in the absence of a court order — is void. Pursuant to R.P.L. § 234-a and R.P.A.P.L. § 702, absent a court order, a landlord may not apply rental payments towards fees or charges incurred during the tenancy, and then seek to recover them as rent in a summary proceeding. Of course, the landlord may file a separate action to recover fees and charges incurred. In sum, the predicate notice is defective, and cannot be amended. This court has no jurisdiction, and the petition must be dismissed.

The court takes notice that the sponsor of the bill justifies this law as being put in place because, " . . . it is critical that New York City has protections in place to safeguard its residents' basic necessities, one of the most important of which is housing." It also states that, "This bill is necessary to protect low-income tenants in New York City and ensure that they are not being charged more than they legally owe for rent. This extra cost raises rents and makes rent [*3]controlled and rent stabilized apartments unaffordable for many New Yorkers." Although the bill's purported purpose was to protect New York City residents from being evicted, it applies statewide. This, and other laws like it, make the courts less efficient, as it requires landlords to bring additional lawsuits — known as plenary proceedings - to collect attorney fees, and other non-rent charges, instead of allowing landlords to seek these fees in a single, summary proceeding, whereby if successful, a non-possessory money judgment could be awarded. This would protect tenants from being evicted for non-rent charges and allow the courts to operate more efficiently. While courts are obliged to apply the law as written, this Court notes that it is extremely inefficient to require additional lawsuits. However, it is not for any court to alter the law; and while it is in place, this Court is obligated to enforce it.
THEREFORE, based upon all the foregoing, it is now
ORDERED, that the Respondent's motion to dismiss the petition is GRANTED.
SO ORDERED.
Dated: May 30, 2025
Poughkeepsie, New York
FRANK M. MORA
CITY COURT JUDGE